# Exhibit A

COUNTY COURT AT LAW 5

# CASE SUMMARY
## CASE NO. 2017DCV2237

Adriana Casado        §
VS        §
Contreras Transport Inc.,FedEx Corporation,Benito    §
Vera        §

Location: **County Court at Law 5**
Judicial Officer: **Villa, Carlos**
Filed on: **07/06/2017**

---

### CASE INFORMATION

Case Type: **Injury or Damage - Motor Vehicle**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | 2017DCV2237 |
| Court | County Court at Law 5 |
| Date Assigned | 07/06/2017 |
| Judicial Officer | Villa, Carlos |

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | Casado, Adriana | **LEGATE, SAM JACKSON** |
| | | *Retained* |
| | | 915-544-0100(W) |
| **Defendant** | Contreras Transport Inc. | |
| | FedEx Corporation | |
| | Vera, Benito | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|

### EVENTS

| | |
|---|---|
| 07/06/2017 | Original Petition (OCA) |
| 07/06/2017 | E-File Event Original Filing <br> *7-6-17 Plaintiff's Original Petition/MR* |
| 07/06/2017 | Case Information Sheet <br> *7-6-17 Plaintiff's Civil Case Information Sheet/MR* |
| 07/07/2017 | Request <br> *7-7-17 Plt's Jury Request* |
| 07/07/2017 | Interrogatories <br> *ptf's/first set of/to def/contreras transport inc and fedex corporation/and privilege log/da* |
| 07/07/2017 | Interrogatories <br> *ptf's/first set of/to def/benito vera/and privilege log/da* |
| 07/07/2017 | Request for Production <br> *ptf/first/for/and things to def/benito vera/and privilege log/da* |
| 07/07/2017 | Request for Production |



COUNTY COURT AT LAW'S

# CASE SUMMARY
## CASE NO. 2017DCV2237

*ptf's/first request for production of documents and things to def/contreras transport inc.and
fedex corporation/and privilege log/da*

| | |
|---|---|
| 07/07/2017 | 📄 Request for Disclosure<br>*ptf's/to all def's/da* |
| 08/14/2017 | 📄 Amended<br>*8-14-17 Plt's Amended Petition dated August 11, 2017* |
| 08/14/2017 | 📄 Other Pleading<br>*8-14-17 Plt's First Int to Def. FGPS* |
| 08/14/2017 | 📄 Other Pleading<br>*8-14-17 Plt's First RFP to Def. FGPS* |
| 08/14/2017 | 📄 Other Pleading<br>*8-14-17 Plt's Request for Discl. to Def. FGPS* |

## SERVICE

| | |
|---|---|
| 07/13/2017 | **Citation**<br>📇 Contreras Transport Inc.<br>Served: 07/21/2017<br>📇 FedEx Corporation<br>Served: 07/18/2017<br>📇 Vera, Benito<br>Served: 07/18/2017<br>*PLACED FOR PICK UP UNDER SCHERR & LEGATE/ CR* |

| DATE | FINANCIAL INFORMATION | |
|---|---|---|
| | **Plaintiff** Casado, Adriana | |
| | Total Charges | 356.00 |
| | Total Payments and Credits | 356.00 |
| | **Balance Due as of  8/15/2017** | 0.00 |

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk

BY_____ Deputy

AUG 1 5 2017

DISTRICT COURTS
EL PASO COUNTY TEXAS

*Printed on 08/15/2017 at 8:22 AM*

El Paso County - County Court at Law 5

Filed 7/6/2017 5:07 PM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV2237

ADRIANA CASADO,                         §
                                        §
        Plaintiff,                      §
                                        §
v.                                      §        Cause No. 2017-DCV_____
                                        §
CONTRERAS TRANSPORT INC,                §
FEDEX CORPORATION,                      §
BENITO VERA,                            §
                                        §
        Defendants.                     §

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES ADRIANA CASADO (hereinafter referred to as "Plaintiff"), complaining of CONTRERAS TRANSPORT INC (hereinafter called "Defendant CONTRERAS"), FEDEX CORPORATION (hereinafter called "Defendant FEDEX"), and BENITO VERA (hereinafter called "Defendant VERA") all of whom are hereinafter jointly and severally called "Defendants", and for a cause of action would respectfully show the Court as follows:

### I.

Pursuant to Rule 190, discovery in this case will be conducted in Level 3.

### II.

Plaintiff is a resident of El Paso County, Texas. Plaintiff's last three numbers of her Texas Driver's license are 217.

Defendant CONTRERAS TRANSPORT INC is a California Corporation.   Defendant is not required to designate an agent for service of process in the State of Texas. Pursuant to CPRC § 17.061, et. seq., the Chairman of the Texas Transportation Commission is an agent for service of process on such non-resident for this case which grows out of a collision in which the person was involved while operating a motor vehicle in this state.   Service of process may be had in accordance with the Texas

1

Long Arm Statute by serving the Chairman of the Texas Transportation Commission, 125 E. 11th Street,

Austin, Texas 78701, who shall then forward a copy of this petition upon WARREN D. BRAVO, by

registered mail, return receipt requested.   Defendant's last known address is 14242 E. Imperial Hwy,

La Mirada, CA 90638 and/or where ever they may be found.

Defendant FEDEX CORPORATION is a Delaware Corporation doing business in the State

of Texas, and be served with process by serving its registered agent, CT CORPORATION SYSTEM,

or any other authorized officer or agent therein at 1999 Bryan Street, Suite 900, Dallas, Texas 75201

and/or where ever they may be found.

Defendant BENITO VERA is an Individual residing in the state of California and Service of

process may be had in accordance with the Texas Long Arm Statute by serving the Secretary of State,

Austin, Texas, 1019 Brazos, Travis County, Texas, who shall then forward a copy of this petition upon

Defendant, by registered mail, return receipt requested and may be served with process at 6264 Jones

Avenue, Riverside, CA 92505 and/or wherever he may be found.

### III.

The injuries and damages suffered by Plaintiff and made the basis of this action arose out of

an occurrence on or about August 24, 2015 in El Paso County, Texas. At such time and place, Plaintiff

was traveling eastbound on I-10 in El Paso, Texas. Defendant, VERA, in the course and scope of his

employment with Defendant CONTRERAS TRANSPORT towing a trailer owned by Defendant

FEDEX, was traveling eastbound on I-10 when he made an unsafe lane change striking Plaintiff's

vehicle. Said collision caused serious personal injuries to the person and property of Plaintiff.

### IV.

Said collision and Plaintiff's damages were proximately caused by Defendants' violations of

the laws of the State of Texas and of the United States of America constituting negligence per se

2

## V.  VICARIOUS LIABILITY

Plaintiff will show that Defendants CONTRERAS and FEDEX are liable for the damages and injuries which were caused by the negligence of Defendants, their employees, drivers, agents and representatives. Defendants CONTRERAS and FEDEX are liable for the acts or omissions of its employees, drivers, and agents, and any person over whom Defendant retained control. Defendants CONTRERAS and FEDEX had control over the manner, methods and procedures that the employees, drivers, agents, and representatives used in carrying out assigned duties.

## VI.

Alternatively, and without waiving the foregoing, said collision and Plaintiff's damages were proximately caused as a result of the negligence of Defendant BENITO VERA. Defendant BENITO VERA was negligent in the course and scope of his employment with Defendant CONTRERAS TRANSPORT by breaching his duty of care to Plaintiff in one or more of the following alternative theories of negligence:

1.   Failure to yield the right of way.
2.   Failure to keep a proper lookout. (Transportation Code §545.351).
3.   Failure to control speed. (Transportation Code §545.351)
4.   Failure to safely apply brakes to avoid a collision.
5.   Failure to turn to the left or right to avoid a collision.
6.   Failure to honk and give adequate warning of the impending danger.
7.   Failure to warn of approach.
8.   Failure to drive within Statutory speed limit. (Transportation Code §542.206)
9.    Failure to use due care in operating a motor vehicle. (Transportation Code §545.351)
10.  Failure to pay attention.
11.  Failure to take proper evasive action.
12.  Failure to use due care and caution under the circumstances then existing.
13.  Other acts of negligence.

One or more of the foregoing acts or omissions of Defendant BENITO VERA in the course and scope of his employment with Defendants, constituted negligence which negligence was a proximate cause of the injuries to Plaintiff which are made the basis of this cause of action.

3

## VII.

Alternatively, and without waiving the foregoing, said collision and Plaintiff's damages were proximately caused as a result of the negligence of Defendants CONTRERAS and FEDEX.   Plaintiff alleges that the collision and Plaintiff's damages were proximately caused by one or more of the following alternative theories of negligence on the part of Defendants CONTRERAS and FEDEX.

Defendants CONTRERAS and FEDEX were the owners of the truck and trailer which BENITO VERA was driving, transporting goods in the United States. Defendants CONTRERAS and FEDEX were negligent by breaching their duty of care to Plaintiff in one or more of the following ways:

1.  Negligent hiring, supervision, retention, training, and instruction.
2.  Failure to warn.
3.  Failure to supervise.
4.  Failure to inspect.
5.  Failure to supply adequate and reasonably competent drivers and workers.
6.  Failure to warn of the danger.
7.  Failure to properly educate, instruct and supervise Defendant's employees in the performance of their duties.
8.  Failure to train drivers on the FMCSA "required knowledge elements" including extreme and sufficiently dangerous driving conditions.
9.  Failure to educate and train its drivers "safe driving skills" under the FMCSA § 383.113(b).
10. Other acts of negligence.

One or more of the foregoing acts or omissions of Defendants constituted negligence which negligence was a proximate cause of the injuries to Plaintiff which are made the basis of this cause of action.

## VIII.

As a direct and proximate result of the occurrence, Plaintiff suffered bodily injuries to her body. As a further result of the occurrence, Plaintiff has incurred expenses for medical care, nursing services, attention and other expenses. These expenses incurred were necessary for the care and treatment of the

injuries sustained by Plaintiff, and the charges made and to be made were the usual and customary charges for such services. Plaintiff will require further medical care, nursing services and attention and will necessarily incur reasonable expenses in the future for such medical needs.

As a result of the occurrence, Plaintiff was prevented from working and has lost wage earning capacity. Plaintiff will continue to suffer a loss of wage earning capacity in the future. As a result of the occurrence, Plaintiff was prevented from performing her household duties and will continue to be unable to perform her household duties in the future.

Plaintiff has suffered physical pain and suffering in the past and will continue to suffer physical pain and suffering in the future. Plaintiff has suffered mental pain and anguish in the past and will continue to suffer mental pain and anguish in the future. As a further result of the occurrence, Plaintiff has suffered emotional distress in the past and will continue to suffer emotional distress in the future. As a result of the occurrence, Plaintiff has suffered and will continue to suffer impairment to her body. Plaintiff has suffered disfigurement.   Plaintiff has suffered damages within the jurisdictional limits of this Court. Pursuant to T.R.C.P. 47, Plaintiff is required to plead the maximum amount of damages sought, however, some damages are unliquidated and cannot be easily calculated in monetary terms. In addition, discovery has not yet began and the extent of Plaintiff's future damages are still being determined. At this early stage of the proceedings, Plaintiff requests the jury be fair and reasonable in its determination of actual damages in an amount over $1,000,000.00.

## IX.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rule 194.2 within fifty one (51) days of the service of this request.



**XI.**

Plaintiff respectfully requests a trial by jury of the issues in this case.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendants for all relief requested, for costs, pre-judgment and post judgment interest and for such other relief, general and special, at law or in equity, to which Plaintiff is entitled.

Respectfully submitted,

**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100 (Voice)
(915) 532-1759 (Facsimile)
samlegate@scherrlegate.com

*/s/ SAM J. LEGATE*
**SAM J. LEGATE**
State Bar No. 12166600

gjW:\Casado, Adriana VB\pleading\Petition\Original Petition.docx

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk

BY _____ Deputy

6

AUG 15 2017

El Paso County - County Court at Law 5

**CIVIL CASE INFORMATION SHEET**

Filed 7/6/2017 5:07 PM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV2237

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED ADRIANA CASADO v. CONTRERAS TRANSPORT INC. FEDEX CORPORATION and BENITO VERA
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>SAM J. LEGATE | Email:<br>samlegate@scherrlegate.com | Plaintiff(s)/Petitioner(s):<br>ADRIANA CASADO | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| Address:<br>109 N. OREGON ST., 12TH FL | Telephone:<br>915-544-0100 | | Additional Parties in Child Support Case: |
| City/State/Zip:<br>EL PASO, TEXAS 79901 | Fax:<br>915-532-1759 | Defendant(s)/Respondent(s):<br>CONTRERAS TRANSPORT INC.<br>FEDEX CORPORATION and<br>BENITO VERA | Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |
| Signature: | State Bar No:<br>Texas Bar 12166600 | [Attach additional page as necessary to list all parties] | |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| Civil | | | Family Law |
|---|---|---|---|

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| **Debt/Contract**<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br>_____<br>**Foreclosure**<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract:<br>_____ | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>**Malpractice**<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional<br>Liability:<br>_____<br>☒ Motor Vehicle Accident<br>☐ Premises<br>**Product Liability**<br>☐ Asbestos/Silica<br>☐ Other Product Liability<br>List Product:<br>_____<br>☐ Other Injury or Damage:<br>_____ | ☐ Eminent Domain/<br>Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br>_____<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>Pre-indictment<br>☐ Other:_____ | ☐ Annulment<br>☐ Declare Marriage Void<br>**Divorce**<br>☐ With Children<br>☐ No Children<br><br>**Other Family Law**<br>☐ Enforce Foreign<br>Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>of Minority<br>☐ Other:_____ | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with<br>Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental<br>Rights<br>☐ Other Parent-Child:<br>_____ |

| Employment | Other Civil | | |
|---|---|---|---|
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment:<br>_____ | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other:_____ | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | **Probate/Wills/Intestate Administration**<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other:_____ |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case):*
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☒ Over $1,000,000

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY _____ Deputy
AUG 15 2017

Rev 2/13

El Paso County - County Court at Law 5

Filed 7/7/2017 3:18 PM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV2237

IN THE COUNTY COURT AT LAW NUMBER FIVE
EL PASO, COUNTY TEXAS

ADRIANA CASADO,                          §
                                         §
        Plaintiff,                       §
                                         §
v.                                       §        Cause No. 2017-DCV2237
                                         §
CONTRERAS TRANSPORT INC,                 §
FEDEX CORPORATION,                       §
BENITO VERA,                             §
                                         §
        Defendants.                      §

### JURY REQUEST

On this the 7ᵗʰ day of July, 2017, the Plaintiff having demanded a jury, it is hereby ordered

that the above styled and numbered caused be placed upon the jury docket on payment of the jury

fee herein.

Respectfully submitted,

**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiff
109 N. Oregon, 12ᵗʰ Floor
El Paso, Texas 79901
(915) 544-0100 voice
(915) 532-1759 facsimile
samlegate@scherrlegate.com

*/s/ SAM J. LEGATE*
**SAM J. LEGATE**
State Bar No. 12166600

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY _____
                        Deputy

AUG 15 2017



Filed 7/7/2017 3:18 PM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV2237

IN THE COUNTY COURT AT LAW NUMBER FIVE
EL PASO, COUNTY TEXAS

| | | |
|---|---|---|
| ADRIANA CASADO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2017-DCV2237 |
| | § | |
| CONTRERAS TRANSPORT INC, | § | |
| FEDEX CORPORATION, | § | |
| BENITO VERA, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT AND PRIVILEGE LOG

TO:   CONTRERAS TRANSPORT INC. and FEDEX CORPORATION by and
through their attorney of record.

You are hereby served with Interrogatories pursuant to the Texas Rule of Civil Procedure 197 to be answered in writing under oath. Your answers are to be preceded by the Interrogatory to which the answer pertains. The answers are to be signed and verified by the persons making them. You are to respond to these interrogatories **FIFTY ONE (51) DAYS** after service. If you object or assert a privilege in answering these Interrogatories, any Interrogatory or part thereof, you shall serve your objection upon Plaintiffs in writing within **FIFTY ONE (51) DAYS** after service. You are hereby advised that an evasive or incomplete answer is to be treated as a failure to answer. You are expected to supplement your answers in accordance with the Texas Rules of Civil Procedure. If you fail to answer these Interrogatories as set forth above and in accordance with the Texas Rules of Civil Procedure, then Plaintiffs will move that sanctions be imposed against you pursuant to the Texas Rules of Civil Procedure. Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce any of the above information that exists in electronic or magnetic data.

You are hereby put on notice that pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections, is waived unless**

the court excuses the waiver for good cause shown.

    **PRIVILEGE LOG -** Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiff requests that Defendant identify the information and material withheld.   Demand is hereby made that the identity of the information and material withheld be done **FIFTY ONE** (51) days after date hereof.

                    Respectfully submitted,

                    **SCHERR & LEGATE, PLLC**
                    Attorneys for Plaintiff
                    109 North Oregon, 12th Floor
                    El Paso, Texas 79901
                    (915) 544-0100 (Voice)
                    (915) 532-1759 (Facsimile)
                    samlegate@scherrlegate.com


                    */s/ SAM J. LEGATE*
                    **SAM J. LEGATE**
                    State Bar No. 12166600

gjW:\Casado, Adriana VB\discovery\defendant\interrog\1st to Contreras & FedEx.docx

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY _____ Deputy

AUG 1 5 2017

## INTERROGATORIES

1.  State the correct legal name and address of this Defendant and its owners and agents and financial net worth.

2.  State the name, address, phone number, state and driver's license number of the person who was operating the vehicle involved in the incident made the subject of this suit.

3.  State the name, address and phone number of each owner, lessee, operator, consignee and consignor of the vehicle involved in the incident made the subject of this suit.

4.  Describe what efforts Defendant undertook prior to authorizing, permitting and/or entrusting a vehicle to Defendant's driver on the date of the collision to ascertain the capability, competence, driving record, driving education, criminal record, drug and/or alcoholic condition, training in the use of Defendant's vehicle, and the mental, physical and emotional condition of Defendant's driver.

5.  Did Defendant's driver have the vehicle owner's consent to operate the vehicle at the time and place of the incident or was he working in the course and scope of employment?

6.  Describe the vehicle Defendant's driver was operating, the ownership, height, length, width, brand, age, weight, model and passenger capacity of the vehicle, and the operating condition of the vehicle including brakes, lights, tires, steering, signals, horns, windows, and all work orders or repairs on the vehicle made within nine months of the date of the collision. If you will do so without a request to produce, please produce copies of any pictures, estimates, work orders, purchase invoice, parts and equipment purchases.

7.  State the name, address and phone number of any person who investigated this incident and the report, result, determination thereof. If you will do so without a request to produce, please produce copies of any reports and pictures.

8.  For the day of this incident, describe the intended purpose, route, origination and destination of the vehicle from the time of the release up to and including the time of the collision, including the name, address and phone number of each person having knowledge of or directing the movement of the vehicle, and each stop and deviation from the time of origination until the incident, including times, course of travel, distance traveled and average speed.

3

9.     Describe in detail the incident and each act or omission of each person in the incident. Please direct your attention to the following details in answering this interrogatory, without answering separately for each such category:

    a.    Please state everything that Defendant's driver did, in the order in which it was done, without answering separately for each sub category, in an attempt to avoid the occurrence. If Defendant's driver had applied the brakes or horn at any time prior to the incident, please state as to his motor vehicle the speed and approximate distance in feet from the point of the occurrence when he so applied the brakes or horn, stating what was used. If there were any tire marks or any other marks on the road as a result of the incident, kindly describe the marks in detail giving the length and location on the road surface and identify which motor vehicle caused each mark.

    b.    Please state everything Plaintiff did or failed to do, which contributed to the alleged damage of the Plaintiff.

    c.    If there were any obstructions to the view of Defendant's driver at or near the scene of the incident, please describe each such obstruction in detail, giving its location with relation to the incident.

    d.    If at the time and place of the incident the visibility of the highway was limited or decreased from normal in any way due to any consideration of glare, design, obstacles, speed weather or other condition, please describe in complete detail each and every such condition and every action taken to overcome or diminish the adverse effect of each such condition.

    e.    If there were any traffic controls or speed limit signs, please describe such control or device and the manner in which it was involved in the incident.

10.    State in detail any drug or alcohol taken or consumed by the driver of your vehicle within 72 hours of the incident and/or any drug the driver of the vehicle had taken at any time within the past year. Include the time and date such alcohol was consumed, the name, address and phone number of the provider of the alcohol, the exact name and brand of alcohol, the alcoholic content, type of alcohol, quantity consumed and name, address and phone number of all persons who have knowledge of relevant facts concerning your consumption of alcohol.

11.    Describe in detail any citation, arrest, claim or other charge that may have been issued to you or your driver at any time as a result of this incident, including grounds for same and the result of any hearing or judgment on the same, the date of such hearing or judgment and any fine, sentence or other penalty.



4

12. Describe in detail any other accidents, collisions, license suspension or revocation or traffic citations your driver involved in this incident has been involved in. Include the dates, location, name, parties, witnesses, nature and extent of damages, hearings, lawsuits, orders, fines, penalties, judgments or convictions arising therefrom, including the details of the driver's license suspension or revocation actions, if any.

13. For each notice, complaint, or claim where it was alleged that a driver was fatigued, fell asleep or did not see a person or object in front of them, describe:

    A.    The name, address and phone number of the custodian of all incident reports, accident reports and investigative files, the circumstances concerning the injury, pleadings, judgment and settlements thereon;

    B.    The name and address of the Plaintiff;

    C.    The date of such injury or incident;

    D.    Style and location of the lawsuit/claim;

    E.    Name and address of Plaintiffs attorney;

    F.    Nature of Plaintiffs injuries; and

    G.    The basis upon which you denied responsibility.

14. Describe the relationship between this Defendant and Defendant's driver.

15. Please give the name, address and phone number of anyone except an expert who will not testify at trial who took or prepared the following photographs or video recordings that you possess or control, your attorney possesses or controls, or any agent you or your attorney possesses or controls:

    a.    Photographs or video recordings showing any injury alleged to have been caused by the incident mentioned in the complaint;

    b.    Photographs or video recordings showing the Plaintiff;

    c.    State the number of photographs taken.

    d.    State the date when each photograph was taken.

    e.    State the name, address and telephone number of all persons who have conducted any surveillance on Plaintiff. State in detail all facts found in such surveillance.

16. Describe any condition, defect or object on the vehicle as the vehicle left El Paso, including any efforts on your part to protect against or remove same.



17.     Describe your policies and procedures for qualifying your drivers under the Federal Motor Carrier Safety Regulations.

18.     Please list the name, address, phone number and email address of your safety director at the time of this incident.

19.     State the basis on which Plaintiff was paid (hourly, daily, weekly, monthly) and the rate of scale at which Plaintiff was being paid during the 12 month period immediately preceding the above date. Include the value of each of the following benefits: sick leave, vacation time, health insurance, pension benefits, longevity pay and other employment benefits.

20.     What was Plaintiff's job title or classification on the date of the alleged injury? Describe Plaintiff's job responsibilities. State whether Plaintiff's work before and after the above date was considered satisfactory by the employer and by supervisory personnel. If not, state each reason why Plaintiff's work was not considered satisfactory.

21.     Does Defendant contend that Plaintiff's injuries were solely caused or partially caused by injury, disease, or bodily conditions or any combination thereof, occurring either before or after the accidental injury made the basis of this suit?

    (a)     If so, state fully each of the conditions that Defendant contends constitute the sole or partial cause of Plaintiff's incapacity and the extent of its contribution to Plaintiff's present condition.

    (b)     If so, state the approximate date that Defendant contends each such condition first occurred and the cause thereof.

    (c)     If so, state the name, address and phone number of each doctor upon whom you rely for this information and the dates of examination.

22.     What is the name, address and phone number of the main person that investigated this incident for you? Is this person employed by you at this time?

23.     Where is the tractor and trailer located at presently?



6

El Paso County - County Court at Law 5

Filed 7/7/2017 3:18 PM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV2237

IN THE COUNTY COURT AT LAW NUMBER FIVE
EL PASO, COUNTY TEXAS

|  |  |  |
|---|---|---|
| ADRIANA CASADO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2017-DCV2237 |
| | § | |
| CONTRERAS TRANSPORT INC, | § | |
| FEDEX CORPORATION, | § | |
| BENITO VERA, | § | |
| | § | |
| Defendants. | § | |

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## AND THINGS TO DEFENDANT AND PRIVILEGE LOG

TO:    BENITO VERA, by and through his attorney of record.

Pursuant to the Texas Rule of Civil Procedure 192.3(b), you are hereby requested to produce for inspection, copying or photographing, the following documents or tangible things, including: "papers, books, accounts, drawings, graphs, charts, photographs, electronic or video tape recordings, data, and data compilations that constitute or contain matters relevant to the subject matter of the action.  Furthermore pursuant to Texas Rule of Civil Procedure 196 you are required to produce the requested documents or tangible things within your possession, custody and/or control by **10:00 a.m. FIFTY-ONE (51) DAYS AFTER SERVICE AT:**

**SCHERR & LEGATE, PLLC.**
109 N. Oregon, 12th Floor
El Paso, Texas  79901
(915) 544-0100

All documents and things produced pursuant to this REQUEST shall be in original and unaltered form except, where designated in the specific REQUEST, photocopies may be substituted.

Further, all documents and tangible things must be produced "as they are kept in the usual

course of business" and shall be labeled "to correspond with the categories in the request," as provided in Texas Rule of Civil Procedure 196.3(c).

Further you are hereby required to respond and supplement this Request as mandated by Rule 193. If you fail to respond accordingly to this REQUEST or fail to supplement your response to this REQUEST, Plaintiffs will seek sanctions pursuant to Rule 215.

Your failure to produce any item requested herein will be subject to a Motion to Strike or Suppress any such item not produced which you attempt to use at trial either as an exhibit or as evidence.

Further, compliance with Rule 196 is expected and requested and in that regard, you shall serve a written response which shall state, with respect to each item or category of items, that inspection or other requested action will be permitted as requested, and that you shall thereafter comply with the Request, except only to the extent that you made objections in writing as to particular items, or categories of items, stating specific reasons why discovery should not be allowed.

Further you are requested to organize the documents requested and label them to correspond with the categories in the request.

Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce and reduce to printed form all information that exists in electronic or magnetic data.

You are hereby put on notice that pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections**, is waived unless the court excuses the waiver for good cause shown.

You are hereby put on notice to produce to plaintiff pursuant to Tex. R. Evidence 609 all

2

evidence of any witness listed.

**PRIVILEGE LOG:**  Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiff requests that Defendants identify the information and material withheld.  Demand is hereby made that the identity of the information and material withheld be done **FIFTY-ONE (51) DAYS** after date hereof.

Respectfully submitted,

**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100 (Voice)
(915) 532-1759 (Facsimile)
samlegate@scherrlegate.com

*/s/ SAM J. LEGATE*
**SAM J. LEGATE**
State Bar No. 12166600

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY _____ Deputy

AUG 1 5 2017

## ITEMS TO BE PRODUCED

1.  Any contract, agreement, franchise agreement or other tangible items involving your relationship with CONTRERAS TRANSPORT INC and FEDEX CORPORATION.

2.  Employment application, driving record, driving tests, physical exam, and license checks, performance reports, personnel file, job title, job description, other writings, rules and regulations for job performance, duties, responsibilities and pertinent job information concerning Benito Vera.

3.  Inspection and photographing of the vehicle operated by Benito Vera made the subject of this suit.

4.  The Declaration Sheet and policy of insurance insuring Defendant Benito Vera in this claim.

5.  Any photographs, drawings, sketches, video recordings, motion pictures, tapes, recordings, graphic depiction or other tangible evidence concerning the scene of the accident, the vehicle involved in the collision or the Plaintiff.

6.  All statements made by anyone regarding the incident in question.

7.  All estimates, work orders, salvage estimates, maintenance records and pictures of the vehicle involved in the collision made the subject of this suit.

8.  All investigation reports, accident reports, statements by witnesses (oral or recorded) concerning the accident made the subject of this suit which were made prior to anticipation of litigation.

9.  Any suspensions, revocations, or notice thereof, and all related documents concerning Benito Vera's license to operate motor vehicles.

10. Any operator manual or handbook for Benito Vera.

11. All ownership documents on the vehicle in question.

12. Bills of lading, trip records, invoices and load documents and description and any contracts therein for the trip in question.

13. Dispatcher's records concerning the trip in question and any report of accident.

14. Any report to the State of Texas, ICC or DOT concerning this collision.

15. Any union contracts concerning Benito Vera.

16. Any and all reports, mental impressions, opinions, notes, resumes, physical models, compilations of data, statement or other written materials of any kind from any expert.

4

witness who will testify in the case or whose work product forms a basis either in whole or in part of the opinion of an expert who is to be called as an expert. If the discoverable factual observations, test, supporting data, calculations, photographs or opinions of any such expert witness who will be called as a witness have not been recorded or reduced to tangible form, those matters are hereby requested to be reduced to tangible form and produced.

17. The Driver Qualification file on Benito Vera.

18. The driver duty status file on Benito Vera.

19. Time records, driving log of Benito Vera for the 4 weeks preceding and including (date of accident).

20. Any written tests of Benito Vera.

21. Any physical examinations of Benito Vera.

22. Any road test of Benito Vera.

23. List of traffic violations of Benito Vera.

24. Any employment record check of Benito Vera.

25. Driving record check of Benito Vera.

26. Annual review of Benito Vera.

27. A copy of Benito Vera's license to operate a motor vehicle.

28. Copy of Benito Vera's post accident alcohol test.

29. Copy of Benito Vera's post accident drug test.

30. Copy of Benito Vera's cell phone statement showing incoming and outgoing calls for the month when the incident made the basis of this suit happened.

31. Benito Vera's cell phone and charges at the time of this incident.

32. A copy of the title to the vehicle being driven at the time in question.



33.    A copy of any surveillance movies or photographs which have been made of Plaintiff.

34.    All medical records you receive of Plaintiff.

35.    A copy of any survey or plat made of the accident scene.

36.    Any and all documents reflecting any disciplinary action for this incident taken against this Defendant.

37.    Any computer records on the truck in question, including email, black box/speed records and other electronic recorded information for the date in question.

38.    All maintenance records for the tractor and trailer in question.

39.    Any and all files, reports, notes, resumes, pictures, statements or other written materials of any kind from any expert witness who you will call to testify in this case.

40.    Any documents showing the acts or omissions of any party responsible in any way for the injuries to Plaintiff Adriana Casado.

41.    All documents you intend to present as an exhibit at trial.

42.    Any information you obtain, regarding Plaintiff, from another source besides the Plaintiff producing it.

43.    Any and all electronic or magnetic data concerning any of the items requested in any request for production served upon Defendants, in the specific form of printed material pursuant to Texas Rules of Civil Procedure 196.4.

44.    Pursuant to Texas Rules of Evidence 609, please provide any documents or other information you have which suggests Plaintiff(s), Intervenor(s), Defendant(s), or any witness identified in this lawsuit, including expert and consulting witnesses, has been convicted of a crime which was a felony or one which involved moral turpitude. Please state the nature of the crime, date of conviction, court/county of conviction, disposition, and if probation was imposed, please state if the probation was successfully completed.



El Paso County - County Court at Law 5

Filed 7/7/2017 3:18 PM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV2237

IN THE COUNTY COURT AT LAW NUMBER FIVE
EL PASO, COUNTY TEXAS

| | | |
|---|---|---|
| ADRIANA CASADO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2017-DCV2237 |
| | § | |
| CONTRERAS TRANSPORT INC, | § | |
| FEDEX CORPORATION, | § | |
| BENITO VERA, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT AND PRIVILEGE LOG

TO:    BENITO VERA, by and through his attorney of record.

You are hereby served with Interrogatories pursuant to the Texas Rule of Civil Procedure 197 to be answered in writing under oath. Your answers are to be preceded by the Interrogatory to which the answer pertains. The answers are to be signed and verified by the persons making them. You are to respond to these interrogatories **FIFTY ONE (51) DAYS** after service. If you object or assert a privilege in answering these Interrogatories, any Interrogatory or part thereof, you shall serve your objection upon Plaintiffs in writing within **FIFTY ONE (51) DAYS** after service. You are hereby advised that an evasive or incomplete answer is to be treated as a failure to answer. You are expected to supplement your answers in accordance with the Texas Rules of Civil Procedure. If you fail to answer these Interrogatories as set forth above and in accordance with the Texas Rules of Civil Procedure, then Plaintiffs will move that sanctions be imposed against you pursuant to the Texas Rules of Civil Procedure. Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce any of the above information that exists in electronic or magnetic data.

You are hereby put on notice that pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections** is waived unless

the court excuses the waiver for good cause shown.

    **PRIVILEGE LOG -** Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiff requests

that Defendant identify the information and material withheld.   Demand is hereby made that the

identity of the information and material withheld be done **FIFTY ONE** (51) days after date hereof.

                  Respectfully submitted,


                  **SCHERR & LEGATE, PLLC**
                  Attorneys for Plaintiff
                  109 North Oregon, 12th Floor
                  El Paso, Texas 79901
                  (915) 544-0100 (Voice)
                  (915) 532-1759 (Facsimile)
                  samlegate@scherrlegate.com


                  */s/ SAM J. LEGATE*
                  **SAM J. LEGATE**
                  State Bar No. 12166600


gjW:\Casado, Adriana VB\discovery\defendant\interrog\1st to Contreras & FedEx.docx

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk

BY _____ Deputy

AUG 1 5 2017

## INTERROGATORIES

1.     State your full name, address, telephone number, email address, Facebook account, social security number, date and place of birth, and educational background.

2.     Describe your employment status at the time of the incident, job title and job description, date of commencement and/or termination of employment and salary at such time.

3.     On the date of the incident, describe the vehicle you were driving.  If you will, please include information on ownership and the operating condition of the vehicle.  State the name, address and phone number of any person who examined the vehicle for damages arising from this incident.

4.     Were you working in the course and scope of your employment at the time of the incident?

5.     Were you in the course and scope of your employment at the time of this incident?  If so, please state the name, address and phone number of the company you were employed with at the time of this incident?

6.     Did you give a statement to anyone regarding the incident and if so, indicate the name, address and telephone number of the person to whom you gave the statement, contents of the statement, and if you gave more than one statement, give the same information regarding each statement.

3

7.     Describe the incident and each act or omission of each person in the incident.  Do not answer each subcategory separately, but please direct your attention to the following details in answering this interrogatory:

      A.     Please state everything that you did, in the order in which it was done, in an attempt to avoid the incident.  If you applied the brakes or horn at any time prior to the incident, please state as to your motor vehicle, the speed and the approximate distance in feet from the point of the incident when you so applied the brakes or horn, stating what was used.  If there were any tire marks or any other marks on the road as a result of the incident, kindly describe the marks on the road as a result of the incident, kindly describe the marks in detail giving the length and location on the road surface and identify which motor vehicle cause each mark.

      B.     Please state everything Plaintiff did or failed to do, which contributed to the incident.

      C.     If there were any obstructions to the view of Defendant at or near the scene of the incident, please describe each such obstruction in detail, giving its location with relation to the incident.

      D.     If at the time and place of the incident the visibility of the highway was limited or decreased from normal in any way due to glare, design, obstacles, weather or other condition, please describe in complete detail each and every such condition and every action taken to overcome or diminish the adverse effect of each such condition.

      E.     If there were any traffic controls, speed limit signs, signals, lights or other devices located at or near the place of the incident which were in any way involved in the happening of the incident, please describe such control or device indicating the direction of traffic controlled by such device and the manner in which it was involved in the incident.

8.     State in detail any damages you claim to have sustained from the incident.

9.     Describe any citation, arrest, claim or other charge that may have been issued to you as a result of the incident, including grounds for same and the result of any hearing or judgment on the same, the date of such hearing or judgment and any fine, sentence or other penalty imposed.

4

10.     State any drug or alcohol taken or consumed by you within 72 hours of the incident and any regular drug the driver of the vehicle had taken at any time within the past year. If alcohol was taken, include the time and date such alcohol was consumed, the name, address and phone number of the provider of the alcohol, the exact name and brand of alcohol, the alcoholic content, type of alcohol, quantity consumed and name, address and phone number of all persons who have knowledge of relevant facts concerning consumption of alcohol.

11.     Describe any other accidents, incidents, license suspension or revocation or traffic citations you have been involved in. Include the dates, location, name, parties, witnesses, nature and extent of damages, hearings, lawsuits, orders, fines, penalties, judgments or convictions arising therefrom, including the details of driver's license suspension or revocation actions, if any.

12.     Please give the name and address of anyone (except an expert who will not testify at trial) who took or prepared the following photographs or videotapes that you possess or control, your attorney possesses or controls, or any agent of you or your attorney possesses or controls:

      a.     Photographs or videotapes showing any injury alleged to have been caused by the incident mentioned in the complaint; and Photographs or videotapes showing the Plaintiff;

      b.     State the number of photographs taken.

      c.     State the date when each photograph was taken.

      d.     State the name, address and phone number of person conducting any type of surveillance of Plaintiff's.

13.     Please state all of your driver's license numbers, states of issuance, expiration dates, any other states you have been licensed to operate a motor vehicle, and driver's license numbers for those states, the date you were first licensed to drive, and any date your license was suspended or not renewed.



14.     Please state the date you were first licensed to drive, and any date your license was suspended, renewed or revoked.

15.     Please state whether you have taken Defensive Driving.  Please include the date and location of such course and the reason(s) such course(s) was/were taken.

16.     State your cell phone number, provider and phone number at the time of this occurrence and any persons you talked to within 20 minutes of this incident.

17.     Were you on your cell phone at the time when the incident happened?

18.     Please state any restrictions that are placed on your ability to drive (e.g. corrective lenses).

19.     If you are alleging that Plaintiff did anything wrong to cause this accident, please describe what you are alleging Plaintiff did wrong.

20.     If you have ever been convicted of any felony or misdemeanor within the last ten (10) years, please provide the following information.

    a.      The offense(s) for which you were convicted.
    b.      The state(s) and date(s) of any such conviction(s).
    c.      A description of any sentence(s) or punishment served (this includes restitution, probation, etc.).



El Paso County - County Court at Law 5

Filed 7/7/2017 3:18 PM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV2237

IN THE COUNTY COURT AT LAW NUMBER FIVE
EL PASO, COUNTY TEXAS

| | | |
|---|---|---|
| ADRIANA CASADO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2017-DCV2237 |
| | § | |
| CONTRERAS TRANSPORT INC, | § | |
| FEDEX CORPORATION, | § | |
| BENITO VERA, | § | |
| | § | |
| Defendants. | § | |

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## AND THINGS TO DEFENDANT AND PRIVILEGE LOG

TO:    CONTRERAS TRANSPORT INC and FEDEX CORPORATION, by and
through their attorney of record.

Pursuant to the Texas Rule of Civil Procedure 192.3(b), you are hereby requested to produce for inspection, copying or photographing, the following documents or tangible things, including: "papers, books, accounts, drawings, graphs, charts, photographs, electronic or video tape recordings, data, and data compilations that constitute or contain matters relevant to the subject matter of the action. Furthermore pursuant to Texas Rule of Civil Procedure 196 you are required to produce the requested documents or tangible things within your possession, custody and/or control by **10:00 a.m. FIFTY-ONE (51) DAYS AFTER SERVICE AT:**

**SCHERR & LEGATE, PLLC.**
109 N. Oregon, 12th Floor
El Paso, Texas  79901
(915) 544-0100

All documents and things produced pursuant to this REQUEST shall be in original and unaltered form except, where designated in the specific REQUEST, photocopies may be substituted.

Further, all documents and tangible things must be produced "as they are kept in the usual

course of business" and shall be labeled "to correspond with the categories in the request," as provided in Texas Rule of Civil Procedure 196.3(c).

Further you are hereby required to respond and supplement this Request as mandated by Rule 193. If you fail to respond accordingly to this REQUEST or fail to supplement your response to this REQUEST, Plaintiffs will seek sanctions pursuant to Rule 215.

Your failure to produce any item requested herein will be subject to a Motion to Strike or Suppress any such item not produced which you attempt to use at trial either as an exhibit or as evidence.

Further, compliance with Rule 196 is expected and requested and in that regard, you shall serve a written response which shall state, with respect to each item or category of items, that inspection or other requested action will be permitted as requested, and that you shall thereafter comply with the Request, except only to the extent that you made objections in writing as to particular items, or categories of items, stating specific reasons why discovery should not be allowed.

Further you are requested to organize the documents requested and label them to correspond with the categories in the request.

Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce and reduce to printed form all information that exists in electronic or magnetic data.

You are hereby put on notice that pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections**, is waived unless the court excuses the waiver for good cause shown.

2



You are hereby put on notice to produce to plaintiff pursuant to Tex. R. Evidence 609 all evidence of any witness listed.

**PRIVILEGE LOG:**  Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiff requests that Defendants identify the information and material withheld.  Demand is hereby made that the identity of the information and material withheld be done **FIFTY-ONE (51) DAYS** after date hereof.

Respectfully submitted,


SCHERR & LEGATE, PLLC
Attorneys for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100 (Voice)
(915) 532-1759 (Facsimile)
samlegate@scherrlegate.com


*/s/ SAM J. LEGATE*
**SAM J. LEGATE**
State Bar No. 12166600


A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY _____ Deputy
AUG 1 5 2017



## ITEMS TO BE PRODUCED

1.  Any employment agreement, contract or agreement regarding your relationship with driver Benito Vera.

2.  Any and all contract agreement(s) between CONTRERAS TRANSPORT INC and FEDEX CORPORATION which involve Defendant Benito Vera.

3.  All files of CONTRERAS TRANSPORT INC involving Benito Vera.

4.  All files of FEDEX CORPORATION involving Benito Vera

5.  Complete DOT file and investigation, including all statements and photographs concerning the incident in question.

6.  All OSHA Form 200/300 reports for the year 2012-2015.

7.  All investigation reports, accident reports, statements by witnesses (oral or recorded) concerning the accident made the subject of this suit which were made prior to a notice of claim by Plaintiffs.

8.  Entire file on the insurance claim for the tractor trailer in question.

9.  Driver Qualification file maintained on Benito Vera as required by Federal Motor Carrier Regulations Part 391.51.

10. Complete Personnel file maintained on Benito Vera.

11. Complete Driver Qualification file of Benito Vera.

12. Complete driver duty status file on Benito Vera.

13. Employment application of Benito Vera in compliance with Federal Motor Carrier Regulations Part 391.21.

14. Copies of Benito Vera's driver record(s) obtained in response to inquiries to each State driver record agency required by Federal Motor Carrier Regulations Part 391.23(a)(1) and placed in Benito Vera's driver qualification file.

15. Copies of all documents evidencing this Defendant's investigation into Benito Vera's prior employers.

16. Copies of all documents evidencing this Defendant's investigation of Benito Vera's safety performance history with Department of Transportation regulated employers during the preceding three years of when Benito Vera commenced employment with this Defendant in compliance with Federal Motor Carrier Regulations Part 391.2(a)(2).

4

17. All documents evidencing annual inquiry and reviews of Benito Vera's driving record in compliance with Federal Motor Carrier Regulations Part 391.25.

18. All Driver's Certifications of Records of Violations kept for Benito Vera in compliance with Federal Motor Carrier Regulations Part 391.27.

19. All "Certification of Road Test" documents or substantially similar documents evidence any and all road tests given to Benito Vera prior to being allowed to drive for this Defendant in compliance with Federal Motor Carrier Regulations Part 391.31.

20. Any written tests of Defendant's driver Benito Vera.

21. Copy of Benito Vera's Commercial Driver's License.

22. Copy of Benito Vera's Medical Examiner's Certificate qualifying Benito Vera to operate a commercial motor vehicle during the time of this incident.

23. Copy of all pre and post accident drug tests for Benito Vera.

24. Copy of all pre and post accident alcohol tests for Benito Vera.

25. Copy of all DAC reports received for Benito Vera prior to allowing him to drive your commercial motor vehicle.

26. Work history of Benito Vera from August 1, 2013 to the date of this incident in question, including payroll records, mileage reports, loads and trips.

27. Time records, driving log of Benito Vera for the 8 weeks preceding and including (date of accident).

28. Copy of the driver investigation history file on Benito Vera in compliance with Federal Motor Carrier Regulations Part 391.53.

29. Gas receipt records for the trip in question.

30. Cell phone records and cell phone of Benito Vera from August 1, 2015 up to the date of this incident.

31. Any safety inspection checklist of the equipment in question.

32. Any safety meeting minutes showing Benito Vera attended a safety meeting.

33. Any video tapes, movies, pictures, photographs or other tangible evidence depicting the scenes, the incidents or locations made the subject of this suit.

34. All maintenance reports, accident reports, claims, repair or replacement information

5

(including all details, contracts, plans, specifications and other documents) and other recorded written information concerning or involving the vehicle made the subject of this suit.

35. Any and all reports, notes, resumes, pictures, statements or other written materials of any kind from any expert witness who you or your attorney may call or testify in this case.

36. Inspection and photographing of the vehicle operated by your driver made the subject of this suit.

37. All rules, regulations and standards (including federal, state, governmental, contractual and company) relating to the vehicle.

38. All notices, citations, letters, demands, applications, court orders, findings and other tangible items from or to any governmental entity concerning the job, the equipment, DOT notices and safety violations for the vehicle and persons in question.

39. The accident report or investigation report made of the incident in question made prior to notice of Plaintiff's claim against you.

40. Any correspondence, memorandum or reports from any other person concerning the occurrence or injury involving Plaintiff.

41. Any statement, report, correspondence or records made by Defendant, Plaintiff or any other Defendant (other than this Defendant), its employees, agents or representatives of such parties, or any other company involving the claim made the subject of this suit, whether written or oral.

42. All physical models and all other exhibits which may be used at trial by any witness, either expert or lay.

43. Any and all photographs, movies, electronic or video tape recordings or other representations which propose to depict any of the following: the scenes of the occurrence; the location made the basis of this suit; the equipment; the Plaintiffs; or re-creation of the incidents or any part thereof.

44. Copies of your commercial license issued by any state or governmental entity.

45. Any operator manual or handbook for your drivers.

46. All safety manuals for the job in question.

47. Bills of lading, trip records, invoices and loan documents and description and any contracts therein for the trip in question.

48. Dispatcher's records concerning the trip in question and any report of accident.

49.     Any report to the State of Texas, ICC or DOT concerning this incident.

50.     Your Texas Railroad Commission Permit.

51.     A copy of the title to the vehicle being driven by this Defendant at the time in question.

52.     Any and all documents reflecting any disciplinary action for this incident taken against this Defendant by any governmental agency.

53.     Copy of your application for operating authority (Form OP-1 or OP-2).

54.     Copy of your completed Motor Carrier Identification Report, Form MCS-150 filed with the FMCSA's Office of Data Analysis and Information Systems in compliance with Federal Motor Carrier Regulations Part 390.19.

56.     Copy of your completed Safety Certification for Application for U.S. DOT Number, Form MCS-150A filed with the U.S. Department of Transportation Federal Motor Carrier Safety Administration.

57.     Copy of your completed Combined Motor Carrier Identification Report and Hazardous Material Permit Application, Form MCS-150B filed with the U.S. Department of Transportation Federal Motor Carrier Safety Administration.

58.     The Declaration Sheet and policy of insurance insuring Defendant in this case, together with any reservation of rights, declining of coverage and all umbrella policies

59.     All statements made by Plaintiff.

60.     All estimates, work orders, salvage estimates, maintenance records and pictures of the vehicles involved in the collision made the subject of this suit.

61.     Any suspensions, revocations, or notice thereof, and all related documents concerning Benito Vera's license to operate motor vehicles.

62.     A copy of any survey or plat made of the accident scene.

63.     Any documents showing the acts or omissions of any party responsible in any way for the injuries to Plaintiff.

64.     Pursuant to Texas Rules of Evidence 609, please provide any information you have which suggests Plaintiff(s), Defendant(s), or any witness identified in this lawsuit, including expert and consulting witnesses, has been convicted of a crime which was a felony or one which involved moral turpitude.  Please state the nature of the crime, date of conviction, court/county of conviction, disposition, and if probation was imposed, please state if the probation was successfully completed.

65.    Any and all electronic or magnetic data concerning any of the items requested in any request for production served upon Defendant, in the specific form of printed material pursuant to Texas Rules of Civil Procedure 196.4.

66.    For each notice, claim, complaint and lawsuit where it was alleged that a driver was fatigued, fell asleep or did not see a person or object in front of them, provide the following:

   a.     Copy of all incident reports, accident reports and investigative files;
   b.     Copies of all pleadings, judgments and settlements thereon;
   c.     Copy of all claim letters; and
   d.     Any claim file.

67.    Qualcom records on this truck for date of this incident.

68.    Data Com records on this driver and truck for a period beginning 30 days prior to, up to and including, the date of this incident.

69.    Load records on this truck for a period beginning 30 days prior to, up to and including, the date of this incident.

70.    Black Box and all information contained therein (reduced to print form) for this truck beginning 30 days prior to, up to and including, this incident.

71.    DDEC unit and all information contained therein (reduced to print form) for this truck beginning 30 days prior to, up to and including, this incident.

72.    All information that exists in electronic magnetic data all electronic records (such as Qualcom records, DDEC records, black box records, Data Com and any similar electronic record) on this vehicle for date of this incident.  Pursuant to Tex. R. Civ. P. 196.4, you are requested to produce and reduce to printed form.

73.    All information that exists in electronic magnetic data all electronic records on driver Vera and on this vehicle for a period beginning 30 days prior to, up to and including, the date of this incident.  Pursuant to Tex. R. Civ. P. 196.4, you are requested to produce and reduce to printed form.

74.    All information that exists in electronic magnetic data all electronic records and information contained therein for this truck beginning 30 days prior to, up to and including, this incident.  Pursuant to Tex. R. Civ. P. 196.4, you are requested to produce and reduce to printed form.

75.    All gas receipts and charges for this vehicle for a period beginning thirty (30) days prior to, and up to and including, the date of this incident.  Pursuant to Tex. R. Civ. P. 196.4, you are requested to produce and reduce to printed form.

76.    Maintenance records on this tractor trailer.

8

77.   Dispatcher's report and log for this truck and driver for a period beginning 30 days prior to, up to and including, the date of this incident.

78.   Your entire claim file pertaining to any investigation of the occurrences made the basis of this case which were taken prior to your notice of Plaintiff's claim hereon.

gjW:\Casado, Adriana VB\discovery\defendant\producti\1st RFP Contreras & FedEx.docx



9

El Paso County - County Court at Law 5

Filed 7/7/2017 3:18 PM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV2237

IN THE COUNTY COURT AT LAW NUMBER FIVE
EL PASO, COUNTY TEXAS

ADRIANA CASADO,                      §
                                     §
    Plaintiff,                       §
                                     §
v.                                   §    Cause No. 2017-DCV2237
                                     §
CONTRERAS TRANSPORT INC,             §
FEDEX CORPORATION,                   §
BENITO VERA,                         §
                                     §
    Defendants.                      §

**PLAINTIFF'S REQUEST FOR DISCLOSURE**

**TO:   ALL DEFENDANTS**

Pursuant to Tex. R. Civ. P. 194, you are requested to timely disclose within **FIFTY ONE (51) DAYS** after service of this request the following:

(a)   The correct name of the parties to the lawsuit.

(b)   The name, address, and telephone number of any potential parties and any responsible third party.

(c)   The legal theories and, in general, the factual bases of your claims and/or defenses.

(d)   The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

(e)   For any testifying expert:

(1)   the expert's name, address and telephone number;

(2)   the subject matter on which the expert will testify;

(3)   the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by or otherwise subject to the control of the responding party, documents reflecting such information;

(4)   if the expert is retained by, employed by or otherwise subject to the control

of the responding party;

    (A)    all documents, tangible things, reports, models or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

    (B)    the expert's current resume and bibliography.

(f)    All indemnity and insuring agreements, as defined by Tex. R. Civ. P. 192.3(f)

(g)    Any settlement agreements, as defined by Tex. R. Civ. P. 192.3(g)

(h)    Any witness statements, as defined by Tex. R. Civ. P. 192.3(h).

(i)    All medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.

(j)    All medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

(k)    Copies of documents and other tangible items relating to any claim or defense in this case.  TRCP 194.4.

Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce and reduce to printed form all information that exists in electronic or magnetic data.

You are advised that no objection or assertion of work product is permitted to request under this rule pursuant to Tex. R. Civ. P. 194.5.

You are hereby put on notice that pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections**, is waived unless the court excuses the waiver for good cause shown.



Respectfully submitted,


**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100 (Voice)
(915) 532-1759 (Facsimile)
samlegate@scherrlegate.com


*/s/ SAM J. LEGATE*
**SAM J. LEGATE**
State Bar No. 12166600


gjW:\Casado, Adriana VB\discovery\defendant\disclosure\1st Disc to ALL Defs.docx

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk

By _____
Deputy

AUG 1 5 2017

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **CONTRERAS TRANSPORT INC.,** who may be served with process by serving the **CHAIRMAN OF THE TEXAS TRANSPORTATION COMMISSION at 125 E. 11TH STREET, AUSTIN, TEXAS 78701,** who shall then forward a copy of this petition upon WARREN D. BRAVO at 14242 E IMPERIAL HWY, LA MIRADA, CA 90638 or wherever he/she may be found

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition

at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of

service of this citation before the Honorable **County Court at Law Number 5,** El Paso County, Texas, at

the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 6th day of July, 2017, by Attorney at Law,

SAM JACKSON LEGATE, 109 N OREGON 12TH FLOOR EL PASO TX 79901 in this case numbered

**2017DCV2237** on the docket of said court, and styled:

**ADRIANA CASADO**

**vs**

**CONTRERAS TRANSPORT INC., FEDEX CORPORATION, BENITO VERA**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition, Plaintiff's First Set of Interrogatories to Defendant and Privilege Log, First Request for Production of Documents and Things to Defendant and Privilege Log, Jury Request, Plaintiff's Request for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 13th day of July, 2017

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:   ___NORMA FAVELA BARCELEAU___   District Clerk
El Paso County, Texas

By _____   Deputy
Corina Ramirez

Rule 106: "-the citation shall be served by the officer delivering to each defendant in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto"

A TRUE COPY I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk

BY _____   Deputy

AUG 15 2017

## SHERIFF'S RETURN

Came on hand on _____ day of _____, 20____, at _____ o'clock ____M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the Plaintiff's Original Petition, Plaintiff's First Set of Interrogatories to Defendant and Privilege Log, First Request for Production of Documents and Things to Defendant and Privilege Log, Jury Request, Plaintiff's Request for Disclosure at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|-----|------|------|------|-----|------|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

the diligence used in finding said defendant, being _____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ cop ____ $ _____ _____ Sheriff

_____ _____ County, Texas

Total _____ $ _____ By _____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____,

_____ on the _____ day of _____,

20_____, at _____o'clock ___m. this copy of this instrument.

_____, Sheriff/Agent

_____County, Texas

By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.**

**(SEAL)**

_____

**NOTARY PUBLIC, STATE OF TEXAS**

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **FEDEX CORPORATION,** who may be served with process by serving its registered agent, **CT CORPORATION SYSTEM at 1999 BRYAN STREET, SUITE 900, DALLAS, TEXAS 75201 or wherever he/she may be found**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition

at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of

service of this citation before the Honorable **County Court at Law Number 5,** El Paso County, Texas, at

the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 6th day of July, 2017, by Attorney at Law,

SAM JACKSON LEGATE, 109 N OREGON 12TH FLOOR EL PASO TX  79901 in this case numbered

**2017DCV2237** on the docket of said court, and styled:

**ADRIANA CASADO**

vs

**CONTRERAS TRANSPORT INC., FEDEX CORPORATION, BENITO VERA**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition, Plaintiff's First Set of Interrogatories to Defendant and Privilege Log, First Request for Production of Documents and Things to Defendant and Privilege Log, Jury Request, Plaintiff's Request for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 13 day of July, 2017

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:   NORMA FAVELA BARCELEAU   District Clerk
El Paso County, Texas

By _____ , Deputy
Corina Ramirez

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached to the citation."

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk

BY _____ Deputy

AUG 1 5 2017

## SHERIFF'S RETURN

Came on hand on _____ day of _____, 20_____, at _____ o'clock _____M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the Plaintiff's Original Petition, Plaintiff's First Set of Interrogatories to Defendant and Privilege Log, First Request for Production of Documents and Things to Defendant and Privilege Log, Jury Request, Plaintiff's Request for Disclosure at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|------|------|------|------|------|------|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

the diligence used in finding said defendant, being _____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING _____ cop _____ $ _____   _____ Sheriff

_____   _____ County, Texas

Total _____ $ _____   By _____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____,

_____ on the _____ day of _____,

20_____, at _____o'clock ____m. this copy of this instrument.

_____, Sheriff/Agent

_____County, Texas

By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20_____.**

**(SEAL)**

**NOTARY PUBLIC, STATE OF TEXAS**

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   BENITO VERA, who may be served with process by serving the **SECRETARY OF STATE AUSTIN, TEXAS, at 1019 BRAZOS, TRAVIS COUNTY, TEXAS, who shall then forward a copy of this petition upon Defendant BENITO VERA at 6264 JONES AVENUE, RIVERSIDE, CA 92505 or wherever he/she may be found**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition

at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of

service of this citation before the Honorable **County Court at Law Number 5,** El Paso County, Texas, at

the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 6th day of July, 2017, by Attorney at Law,

SAM JACKSON LEGATE, 109 N OREGON 12TH FLOOR EL PASO TX  79901 in this case numbered

**2017DCV2237** on the docket of said court, and styled:

**ADRIANA CASADO**
**vs**
**CONTRERAS TRANSPORT INC., FEDEX CORPORATION, BENITO VERA**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition, Plaintiff's First Set of Interrogatories to Defendant and Privilege Log, First Request for Production of Documents and Things to Defendant and Privilege Log, Jury Request, Plaintiff's Request for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 13th day of July, 2017

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:   __NORMA FAVELA BARCELEAU__   District Clerk
El Paso County, Texas

By  _____   Deputy
Corina Ramirez

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

A TRUE COPY I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY _____   Deputy
AUG 15 2017

## SHERIFF'S RETURN

Came on hand on _____ day of _____, 20_____, at _____ o'clock
____M., and executed in _____ County, Texas, by delivering to
each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon
the date of delivery, together with the accompanying true and correct copy of the Plaintiff's Original
Petition, Plaintiff's First Set of Interrogatories to Defendant and Privilege Log, First Request for Production
of Documents and Things to Defendant and Privilege Log, Jury Request, Plaintiff's Request for
Disclosure at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|---|---|------|---|---|------|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

the diligence used in finding said defendant, being _____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING _____ cop _____ $ _____    _____ Sheriff

_____ County, Texas

Total _____ $ _____    By _____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____,

_____ on the _____ day of _____,

20_____, at _____o'clock ____m. this copy of this instrument.

_____, Sheriff/Agent

_____County, Texas

By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20_____.**

**(SEAL)**

_____
**NOTARY PUBLIC, STATE OF TEXAS**



Constable Tracey L. Gulley, Precinct 1

7201 S. Polk Street, Suite 100

Dallas, Texas 75232

RETURN SERVICE REQUESTED



Clerk of the Court Norma Favela

Barceleau District Court

500 E. San Antonio Ave, Rm 103

El Paso, Texas 79901



A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk

BY _____ Deputy

AUG 1 5 2017

## CONSTABLE'S RETURN

**Style of Case:**    ADRIANA CASADO VS. CONTRERAS TRANSPORT INC., FED EX
CORPORATION, BENITO VERA

**Came into hand, this**    **18**    day of    **JULY**    ,20  **17**   AT    **11:58**

o'clock    **A**   M.   by executing and delivering a    **CITATION**    issued out of the

state of    **TEXAS**    under cause number:    **2017DCV223**    **7**    **18**   day

_____**JULY**_____ , 20  **17** ,   at    **3:07**    o'clock    **P**   M., to:

☐ _____ personally delivered/served true and correct copies of same.

OTHER NOTES: _____

☐ _____ pursuant to Rule 106/Rule 536, to an occupant:

_____ over the age of 16 years.

☐ _____ pursuant to Rule 106/Rule 536, by securely  attaching

and/or affixing to the _____ of the defendant's last known place of
☐ business   ☐ abode.

☐    **FEDEX CORPORATION**    ☐ A Corporation  ☐ A Business

**Name:**    **CT CORPORATION**    ☐ President ☐ Vice-President ☒ Registered Agent

☒ **By delivering to the defendant's registered agent for service, C.T. CORPORATION SYSTEM,**

**through Their authorized agent to accept service:** **LAURA PEREZ  SOP INTAKE ASSOCIATE**

**at 1999 BRYAN ST STE 900 Dallas, Texas 75201.**

**Service Address:**    **1999 BRYAN ST STE 900 DALLAS TEXAS 75201**

☐ **RETURNED TO COURT AND/OR PLAINTIFF FOR THE FOLLOWING REASONS:**

_____

_____

**Service Fees: $**    **80.00**    _____

M. Johnson #185 DEPUTY CONSTABLE
**TRACEY L. GULLEY, CONSTABLE**
**COUNTY OF DALLAS**    **DALLAS COUNTY PRECINCT 1**

**STATE OF TEXAS**

**SIGNED AND SWORN BY SAID** _____ ,before me, this _____

**Day Of** _____ 20 _____ , to certify which, witness my hand and seal of office.

_____
NOTARY PUBLIC-IN AND FOR THE STATE OF TEXAS





Receipt# *92 8290*
Check# *857 89*

# THE STATE OF TEXAS   *049832*

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **FEDEX CORPORATION,** who may be served with process by serving its registered agent, **CT CORPORATION SYSTEM at 1999 BRYAN STREET, SUITE 900, DALLAS, TEXAS 75201 or wherever he/she may be found**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition

at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of

service of this citation before the Honorable **County Court at Law Number 5,** El Paso County, Texas, at

the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 6th day of July, 2017, by Attorney at Law,

SAM JACKSON LEGATE, 109 N OREGON 12TH FLOOR EL PASO TX  79901 in this case numbered

**2017DCV2237** on the docket of said court, and styled:

<strong>ADRIANA CASADO</strong><br>vs<br><strong>CONTRERAS TRANSPORT INC., FEDEX CORPORATION, BENITO VERA</strong>

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition, Plaintiff's First Set of Interrogatories to Defendant and Privilege Log, First Request for Production of Documents and Things to Defendant and Privilege Log, Jury Request, Plaintiff's Request for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 13th day of July, 2017

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:   <u>NORMA FAVELA BARCELEAU</u>   District Clerk
El Paso County, Texas

By   _____   Deputy
Corina Ramirez

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the

date of delivery endorsed thereon and with a copy of the petition attached thereto."

## SHERIFF'S RETURN

Came on hand on _____ day of _____ JUL 1 8 2017 _____, 20____, at _____ o'clock ____M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the Plaintiff's Original Petition, Plaintiff's First Set of Interrogatories to Defendant and Privilege Log, First Request for Production of Documents and Things to Defendant and Privilege Log, Jury Request, Plaintiff's Request for Disclosure at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|------|------|------|------|------|------|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

the diligence used in finding said defendant, being _____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING _____ cop _____ $ _____   TRACEY GULLEY, CONSTABLE _____ Sheriff

_____   DALLAS COUNTY PRECINCT 1 County, Texas

Total _____ $ _____   By _____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____,

_____ on the _____ day of _____,

20_____, at _____ o'clock ____m. this copy of this instrument.

_____, Sheriff/Agent

_____ County, Texas

By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.**

**(SEAL)**

_____

**NOTARY PUBLIC, STATE OF TEXAS**

El Paso County - County Court at Law 5

Filed 8/9/2017 10:57 AM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV2237

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **BENITO VERA**, who may be served with process by serving the **SECRETARY OF STATE AUSTIN, TEXAS, at 1019 BRAZOS, TRAVIS COUNTY, TEXAS, who shall then forward a copy of this petition upon Defendant BENITO VERA at 6264 JONES AVENUE, RIVERSIDE, CA 92505 or wherever he/she may be found**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 5**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 6th day of July, 2017, by Attorney at Law, SAM JACKSON LEGATE, 109 N OREGON 12TH FLOOR EL PASO TX  79901 in this case numbered **2017DCV2237** on the docket of said court, and styled:

**ADRIANA CASADO**
**vs**
**CONTRERAS TRANSPORT INC., FEDEX CORPORATION, BENITO VERA**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition, Plaintiff's First Set of Interrogatories to Defendant and Privilege Log, First Request for Production of Documents and Things to Defendant and Privilege Log, Jury Request, Plaintiff's Request for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 13th day of July, 2017

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk

BY _____
Deputy

AUG 15 2017

Attest:   NORMA FAVELA BARCELEAU   District Clerk
El Paso County, Texas

By _____ Deputy
Corina Ramirez

2017 JUL 18  AM 10: 16

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

pd $75.00 #85790

Cause No.: 2017DCV2237      {}      In the County Court 5
                                      {}      EL PASO County

Plaintiff:                        {}
ADRIANA CASADO

Defendant:
CONTRERAS TRANSPORT INC ET AL

## Officer's Return

Came to hand July 18, 2017 at 10:16 A.M. and executed in Travis County, Texas, on July 18, 2017 at 1:28 P.M. by delivering to BENITO VERA by delivering to Carlos Cascos, Secretary of State, of the State of Texas, at 1019 Brazos Street, Austin, Texas, 78701, by delivering to MICHAEL ORTA, designated agent for service for the Secretary of State, duplicate true copies of the citation together with accompanying duplicate true copies of the Plaintiff's ORIGINAL petition.

Carlos B. Lopez,
Travis County Constable Precinct 5
Travis County, Texas


by: _____
Edd Curry, Deputy







**Carlos B. Lopez, Constable**
Travis County Constable Precinct 5
1003 Guadalupe
Austin, Texas 78701
July 18, 2017

SCHERR & LEGATE
109 NORTH OREGON 12TH FLR
EL PASO, TX 79901

## INVOICE

Cause Nbr:  2017DCV2237-1
Plaintiff:  ADRIANA CASADO
Service Name:  BENITO VERA

Service Fee:  75.00
Payment Received:   75.00
Balance Due:    0.00

Thank you for allowing us to be of service to you in this case.

Check the status of your civil process at
**www.Constable5.com**
Be sure to bookmark the ServiceCheck page



El Paso County - County Court at Law 5

Filed 8/9/2017 10:57 AM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV2237

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **CONTRERAS TRANSPORT INC.**, who may be served with process by serving the **CHAIRMAN OF THE TEXAS TRANSPORTATION COMMISSION at 125 E. 11**TH **STREET, AUSTIN, TEXAS 78701, who shall then forward a copy of this petition upon WARREN D. BRAVO at 14242 E IMPERIAL HWY, LA MIRADA, CA 90638 or wherever he/she may be found**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 5**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 6th day of July, 2017, by Attorney at Law, SAM JACKSON LEGATE, 109 N OREGON 12TH FLOOR EL PASO TX 79901 in this case numbered **2017DCV2237** on the docket of said court, and styled:

### ADRIANA CASADO
#### vs
### CONTRERAS TRANSPORT INC., FEDEX CORPORATION, BENITO VERA

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition, Plaintiff's First Set of Interrogatories to Defendant and Privilege Log, First Request for Production of Documents and Things to Defendant and Privilege Log, Jury Request, Plaintiff's Request for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 13th day of July, 2017

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Atest:   NORMA FAVELA BARCELEAU   District Clerk
El Paso County, Texas

By _____, Deputy
Corina Ramirez

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached to such citation.

A TRUE COPY I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY _____
Deputy

AUG 15 2017

Pd $75.00 #85792

Cause No.: 2017DCV2237          {}          In the County Court 5
                               {}          EL PASO County
Plaintiff:                     {}
ADRIANA CASADO

Defendant:
CONTRERAS TRANSPORT INC ET AL


Officer's Return

Came to hand July 21, 2017 at 10:24 A.M. and executed in Travis County,
Texas, on July 21, 2017 at 2:12 P.M. by delivering to CONTRERAS
TRANSPORT INC by delivering to TRYON D LEWIS Chairman of the Texas
Transportation Commission, at 125 E. 11th Street, Austin, Texas, 78701, by
delivering to BAILEY HAMER, designated agent for the Chairman of the Texas
Transportation Commission, duplicate true copies of the citation together
with duplicate copies of the Plaintiff's ORIGINAL petition.


                                              Carlos B. Lopez,
                               Travis County Constable Precinct 5
                                          Travis County, Texas



                               by: _____
                                         Edd Curry, Deputy





RECEIVED
JUL 27 2017



Carlos B. Lopez, Constable
Travis County Constable Precinct 5
1003 Guadalupe
Austin, Texas 78701
July 21, 2017

SCHERR & LEGATE
109 NORTH OREGON 12TH FLR
EL PASO, TX 79901

### INVOICE

Cause Nbr:  2017DCV2237-2
Plaintiff:  ADRIANA CASADO
Service Name:  CONTRERAS TRANSPORT INC

Service Fee:  75.00
Payment Received:  75.00
Balance Due:  0.00

Thank you for allowing us to be of service to you in this case.

Check the status of your civil process at
**www.Constable5.com**
Be sure to bookmark the ServiceCheck page



El Paso County - County Court at Law 5

Filed 8/14/2017 9:08 AM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV2237

IN THE COUNTY COURT AT LAW NUMBER FIVE
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| ADRIANA CASADO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2017-DCV2237 |
| | § | |
| FEDEX GROUND PACKAGE SYSTEM, INC. | § | |
| FEDEX CORPORATION, | § | |
| CONTRERAS TRANSPORT INC, | § | |
| BENITO VERA, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S AMENDED PETITION
DATED AUGUST 11, 2017**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES ADRIANA CASADO (hereinafter referred to as "Plaintiff"), complaining of
FEDEX GROUND PACKAGE SYSTEM, INC. (hereinafter called Defendant "FGPS"), FEDEX
CORPORATION (hereinafter called "Defendants FEDEX"), CONTRERAS TRANSPORT INC
(hereinafter called "Defendant CONTRERAS"), and BENITO VERA (hereinafter called "Defendant
VERA") all of whom are hereinafter jointly and severally called "Defendants", and for a cause of action
would respectfully show the Court as follows:

**I.**

Pursuant to Rule 190, discovery in this case will be conducted in Level 3.

**II.**

Plaintiff is a resident of El Paso County, Texas. Plaintiff's last three numbers of her Texas
Driver's license are 217.

Defendant FEDEX GROUND PACKAGE SYSTEM, INC. is a Delaware Corporation

1



doing business in the State of Texas, and may be served with process by serving its registered

agent, CT CORPORATION SYSTEM, or any other authorized officer or agent therein at 1999

Bryan St., Ste. 900, Dallas, Texas 75201 and/or where ever they may be found.

Defendant FEDEX CORPORATION is a Delaware Corporation doing business in the State

of Texas, and be served with process by serving its registered agent, CT CORPORATION SYSTEM,

or any other authorized officer or agent therein at 1999 Bryan Street, Suite 900, Dallas, Texas 75201

and/or where ever they may be found.

Defendant CONTRERAS TRANSPORT INC is a California Corporation.    Defendant is not

required to designate an agent for service of process in the State of Texas. Pursuant to CPRC § 17.061,

et. seq., the Chairman of the Texas Transportation Commission is an agent for service of process on

such non-resident for this case which grows out of a collision in which the person was involved while

operating a motor vehicle in this state.   Service of process may be had in accordance with the Texas

Long Arm Statute by serving the Chairman of the Texas Transportation Commission, 125 E. 11th Street,

Austin, Texas 78701, who shall then forward a copy of this petition upon WARREN D. BRAVO, by

registered mail, return receipt requested.    Defendant's last known address is 14242 E. Imperial Hwy,

La Mirada, CA 90638 and/or where ever they may be found.

Defendant BENITO VERA is an Individual residing in the state of California and Service of

process may be had in accordance with the Texas Long Arm Statute by serving the Secretary of

State, Austin, Texas, 1019 Brazos, Travis County, Texas, who shall then forward a copy of this

petition upon Defendant, by registered mail, return receipt requested and may be served with process

at 6264 Jones Avenue, Riverside, CA 92505 and/or wherever he may be found.

### III.

The injuries and damages suffered by Plaintiff and made the basis of this action arose out of

2

an occurrence on or about August 24, 2015 in El Paso County, Texas. At such time and place, Plaintiff was traveling eastbound on I-10 in El Paso, Texas.   Defendant, VERA was in the course and scope of his employment with Defendant FGPS, FEDEX, and CONTRERAS TRANSPORT. Defendant FGPS was the statutory employer of Defendant BENITO VERA, vicariously responsible for his acts and omissions in this collision.   At such time and place, Defendant VERA was operating a commercial tractor trailer vehicle owned by Defendant CONTRERAS.   Defendant VERA was traveling eastbound on I-10 when he made an unsafe lane change striking Plaintiff's vehicle.

At such time and place, Defendant FGPS had a contract with Defendant CONTRERAS to contract and use CONTRERAS to deliver Defendant FGPS and FEDEX loads.   Defendant FGPS was controlling and operating the truck involved in this collision without a contract or agreement in violation of the Federal Motor Carrier Safety Act (FMCSA").   Defendant VERA was required to be qualified to operate the vehicle in accordance with the FMCSA.   Defendant VERA was driving and transporting goods for Defendant FEDEX under the direction and control of Defendant FGPS, FEDEX and CONTRERAS in the United States.   Defendant FGPS/FEDEX/CONTRERAS were licensed motor carriers as defined by the FMCSA.   All Defendants were required to prevent any person or vehicle under their control, which were not authorized, leased or qualified under the FMCSA, to operate on the roads of the United States.   Said collision caused serious personal injuries to the person and property of Plaintiff.

## IV.

Said collision and Plaintiff's damages were proximately caused by Defendants' violations of the laws of the State of Texas and of the United States of America constituting negligence per se.

## V.  VICARIOUS LIABILITY

Plaintiff will show that Defendants FGPS, FEDEX and CONTRERAS are liable for the damages and

3

injuries which were caused by the negligence of Defendants, their employees, drivers, agents and representatives. Defendants FGPS, FEDEX and CONTRERAS are liable for the acts or omissions of its employees, drivers, and agents, and any person over whom Defendants retained control. Defendants FGPS, FEDEX and CONTRERAS had control over the manner, methods and procedures that the employees, drivers, agents, and representatives used in carrying out assigned duties.

Alternatively, and without waiving the foregoing, Defendants FGPS/FEDEX/CONTRERAS were negligent for their own acts and omissions in proximately causing Plaintiff's damages. Such negligence includes, but is not limited to, negligently entrusting the tractor trailer to Defendant VERA. Further, such negligence includes, but is not limited to, the negligent hiring, supervision, and retention of Defendant VERA and the failure to train Defendant VERA.

## VI.

FEDEX is jointly and severally responsible for Defendant FGPS under the theory of respondeat superior/master and servant/borrowed servant/ joint venture/ piercing the corporate veil/alter ego.

Defendant FGPS/CONTRERAS and Defendant FedEx engaged in a corporate culture to try to evade responsibility for their duties and responsibility for safety, supervision, training, management and operation of delivery services which was an integral, necessary part of FedEx's operation and without which they could not exist.

## VII.

Alternatively, and without waiving the foregoing, said collision and Plaintiff's damages were proximately caused as a result of the negligence of Defendant BENITO VERA. Defendant BENITO VERA was negligent in the course and scope of his employment with Defendant CONTRERAS TRANSPORT by breaching his duty of care to Plaintiff in one or more of the following alternative

theories of negligence:

1. Failure to yield the right of way.
2. Failure to keep a proper lookout. (Transportation Code §545.351).
3. Failure to control speed. (Transportation Code §545.351)
4. Failure to safely apply brakes to avoid a collision.
5. Failure to turn to the left or right to avoid a collision.
6. Failure to honk and give adequate warning of the impending danger.
7. Failure to warn of approach.
8. Failure to drive within Statutory speed limit. (Transportation Code §542.206)
9. Failure to use due care in operating a motor vehicle. (Transportation Code §545.351)
10. Failure to pay attention.
11. Failure to take proper evasive action.
12. Failure to use due care and caution under the circumstances then existing.
13. Other acts of negligence.

One or more of the foregoing acts or omissions of Defendant BENITO VERA in the course and scope of his employment with Defendants, constituted negligence which negligence was a proximate cause of the injuries to Plaintiff which are made the basis of this cause of action.

## VIII.

Alternatively, and without waiving the foregoing, said collision and Plaintiff's damages were proximately caused as a result of the negligence of Defendants FGPS, FEDEX and CONTRERAS. Plaintiff alleges that the collision and Plaintiff's damages were proximately caused by one or more of the following alternative theories of negligence on the part of Defendants FGPS, FEDEX and CONTRERAS.

Defendants FGPS, FEDEX and CONTRERAS were the owners of the truck and trailer which BENITO VERA was driving, transporting goods in the United States. Defendants FGPS, FEDEX and CONTRERAS were negligent by breaching their duty of care to Plaintiff in one or more of the following ways:

1. Negligent hiring, supervision, retention, training, and instruction.
2. Failure to warn.
3. Failure to supervise.
4. Failure to inspect.
5. Failure to supply adequate and reasonably competent drivers and workers.

5

6.       Failure to warn of the danger.
7.       Failure to properly educate, instruct and supervise Defendant's employees in the performance of their duties.
8.       Failure to train drivers on the FMCSA "required knowledge elements" including extreme and sufficiently dangerous driving conditions.
9.       Failure to educate and train its drivers "safe driving skills" under the FMCSA § 383.113(b).
10.     Other acts of negligence.

One or more of the foregoing acts or omissions of Defendants constituted negligence which negligence was a proximate cause of the injuries to Plaintiff which are made the basis of this cause of action.

## IX.

As a direct and proximate result of the occurrence, Plaintiff suffered bodily injuries to her body. As a further result of the occurrence, Plaintiff has incurred expenses for medical care, nursing services, attention and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff, and the charges made and to be made were the usual and customary charges for such services. Plaintiff will require further medical care, nursing services and attention and will necessarily incur reasonable expenses in the future for such medical needs.

As a result of the occurrence, Plaintiff was prevented from working and has lost wage earning capacity. Plaintiff will continue to suffer a loss of wage earning capacity in the future. As a result of the occurrence, Plaintiff was prevented from performing her household duties and will continue to be unable to perform her household duties in the future.

Plaintiff has suffered physical pain and suffering in the past and will continue to suffer physical pain and suffering in the future. Plaintiff has suffered mental pain and anguish in the past and will continue to suffer mental pain and anguish in the future. As a further result of the occurrence, Plaintiff has suffered emotional distress in the past and will continue to suffer emotional distress in the future. As a result of the occurrence, Plaintiff has suffered and will continue to suffer impairment to her body.

6

Plaintiff has suffered disfigurement.   Plaintiff has suffered damages within the jurisdictional limits of this Court. Pursuant to T.R.C.P. 47, Plaintiff is required to plead the maximum amount of damages sought, however, some damages are unliquidated and cannot be easily calculated in monetary terms. In addition, discovery has not yet began and the extent of Plaintiff's future damages are still being determined. At this early stage of the proceedings, Plaintiff requests the jury be fair and reasonable in its determination of actual damages in an amount over $1,000,000.00.

## X.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rule 194.2 within fifty one (51) days of the service of this request.

## XI.

Plaintiff respectfully requests a trial by jury of the issues in this case.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendants for all relief requested, for costs, pre-judgment and post judgment interest and for such other relief, general and special, at law or in equity, to which Plaintiff is entitled.

Respectfully submitted,

**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100 (Voice)
(915) 532-1759 (Facsimile)
samlegate@scherrlegate.com

*/s/ SAM J. LEGATE*
**SAM J. LEGATE**
State Bar No. 12166600

gj W:\Casado, Adriana VB\pleading\Petition\8-11-17 Plt's Amended Petition dated August 11, 2017.docx

7

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY _____ Deputy

AUG 1 5 2017

El Paso County - County Court at Law 5

Filed 8/14/2017 9:08 AM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV2237

IN THE COUNTY COURT AT LAW NUMBER FIVE
EL PASO COUNTY, TEXAS

| | |
|---|---|
| ADRIANA CASADO, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Cause No. 2017-DCV2237 |
| | § |
| FEDEX GROUND PACKAGE SYSTEM, INC. | § |
| FEDEX CORPORATION, | § |
| CONTRERAS TRANSPORT INC, | § |
| BENITO VERA, | § |
| | § |
| Defendants. | § |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES
### TO DEFENDANT AND PRIVILEGE LOG

TO:   FEDEX GROUND PACKAGE SYSTEM, INC., by and through their attorney of record.

You are hereby served with Interrogatories pursuant to the Texas Rule of Civil Procedure 197 to be answered in writing under oath. Your answers are to be preceded by the Interrogatory to which the answer pertains. The answers are to be signed and verified by the persons making them. You are to respond to these interrogatories **FIFTY ONE (51) DAYS** after service. If you object or assert a privilege in answering these Interrogatories, any Interrogatory or part thereof, you shall serve your objection upon Plaintiffs in writing within **FIFTY ONE (51) DAYS** after service. You are hereby advised that an evasive or incomplete answer is to be treated as a failure to answer. You are expected to supplement your answers in accordance with the Texas Rules of Civil Procedure. If you fail to answer these Interrogatories as set forth above and in accordance with the Texas Rules of Civil Procedure, then Plaintiffs will move that sanctions be imposed against you pursuant to the Texas Rules of Civil Procedure. Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce any of the above information that exists in electronic or magnetic data.

You are hereby put on notice that pursuant to Rule 193.2(e), an objection that is not made

within the time required, or that is **obscured by numerous unfounded objections**, is waived unless the court excuses the waiver for good cause shown.

**PRIVILEGE LOG** - Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiff requests that Defendant identify the information and material withheld.  Demand is hereby made that the identity of the information and material withheld be done **FIFTY ONE (51) DAYS** after date hereof.

Respectfully submitted,


**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100 (Voice)
(915) 532-1759 (Facsimile)
samlegate@scherrlegate.com


*/s/ SAM J. LEGATE*
**SAM J. LEGATE**
State Bar No. 12166600


gjW:\Casado, Adriana VB\discovery\defendant\interrog\1st to Contreras & FedEx.docx

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk

BY _____ Deputy

AUG 1 5 2017

## INTERROGATORIES

1.    State the correct legal name and address of this Defendant and its owners and agents.

2.    State the name, address, phone number, state and driver's license number of the person who was operating the vehicle involved in the incident made the subject of this suit.

3.    State the name, address and phone number of each owner, lessee, operator, consignee and consignor of the vehicle involved in the incident made the subject of this suit.

4.    Describe what efforts Defendant undertook prior to authorizing, permitting and/or entrusting a vehicle to Defendant's driver on the date of the collision to ascertain the capability, competence, driving record, driving education, criminal record, drug and/or alcoholic condition, training in the use of Defendant's vehicle, and the mental, physical and emotional condition of Defendant's driver.

5.    Did Defendant's driver have the vehicle owner's consent to operate the vehicle at the time and place of the incident or was he working in the course and scope of employment?

6.    Describe the vehicle Defendant's driver was operating, the ownership, height, length, width, brand, age, weight, model and passenger capacity of the vehicle, and the operating condition of the vehicle including brakes, lights, tires, steering, signals, horns, windows, and all work orders or repairs on the vehicle made within nine months of the date of the collision.  If you will do so without a request to produce, please produce copies of any pictures, estimates, work orders, purchase invoice, parts and equipment purchases.

7.    State the name, address and phone number of any person who investigated this incident and the report, result, determination thereof.  If you will do so without a request to produce, please produce copies of any reports and pictures.

8.    For the day of this incident, describe the intended purpose, route, origination and destination of the vehicle from the time of the release up to and including the time of the collision, including the name, address and phone number of each person having knowledge of or directing the movement of the vehicle, and each stop and deviation from the time of origination until the incident, including times, course of travel, distance traveled and average speed.

3

9.  Describe in detail the incident and each act or omission of each person in the incident. Please direct your attention to the following details in answering this interrogatory, without answering separately for each such category:

    a.  Please state everything that Defendant's driver did, in the order in which it was done, without answering separately for each sub category, in an attempt to avoid the occurrence. If Defendant's driver had applied the brakes or horn at any time prior to the incident, please state as to his motor vehicle the speed and approximate distance in feet from the point of the occurrence when he so applied the brakes or horn, stating what was used. If there were any tire marks or any other marks on the road as a result of the incident, kindly describe the marks in detail giving the length and location on the road surface and identify which motor vehicle caused each mark.

    b.  Please state everything Plaintiff did or failed to do, which contributed to the alleged damage of the Plaintiff.

    c.  If there were any obstructions to the view of Defendant's driver at or near the scene of the incident, please describe each such obstruction in detail, giving its location with relation to the incident.

    d.  If at the time and place of the incident the visibility of the highway was limited or decreased from normal in any way due to any consideration of glare, design, obstacles, speed weather or other condition, please describe in complete detail each and every such condition and every action taken to overcome or diminish the adverse effect of each such condition.

    e.  If there were any traffic controls or speed limit signs, please describe such control or device and the manner in which it was involved in the incident.

10.  State in detail any drug or alcohol taken or consumed by the driver of your vehicle within 72 hours of the incident and/or any drug the driver of the vehicle had taken at any time within the past year. Include the time and date such alcohol was consumed, the name, address and phone number of the provider of the alcohol, the exact name and brand of alcohol, the alcoholic content, type of alcohol, quantity consumed and name, address and phone number of all persons who have knowledge of relevant facts concerning your consumption of alcohol.

11.  Describe in detail any citation, arrest, claim or other charge that may have been issued to you or your driver at any time as a result of this incident, including grounds for same and the result of any hearing or judgment on the same, the date of such hearing or judgment and any fine, sentence or other penalty.



12.   Describe in detail any other accidents, collisions, license suspension or revocation or traffic citations your driver involved in this incident has been involved in. Include the dates, location, name, parties, witnesses, nature and extent of damages, hearings, lawsuits, orders, fines, penalties, judgments or convictions arising therefrom, including the details of the driver's license suspension or revocation actions, if any.

13.   For each notice, complaint, or claim where it was alleged that a driver was fatigued, fell asleep or did not see a person or object in front of them, describe:

A.   The name, address and phone number of the custodian of all incident reports, accident reports and investigative files, the circumstances concerning the injury, pleadings, judgment and settlements thereon;

B.   The name and address of the Plaintiff;

C.   The date of such injury or incident;

D.   Style and location of the lawsuit/claim;

E.   Name and address of Plaintiffs attorney;

F.   Nature of Plaintiffs injuries; and

G.   The basis upon which you denied responsibility.

14.   Describe the relationship between this Defendant and Defendant's driver.

15.   Please give the name, address and phone number of anyone except an expert who will not testify at trial who took or prepared the following photographs or video recordings that you possess or control, your attorney possesses or controls, or any agent you or your attorney possesses or controls:

a.   Photographs or video recordings showing any injury alleged to have been caused by the incident mentioned in the complaint;

b.   Photographs or video recordings showing the Plaintiff;

c.   State the number of photographs taken.

d.   State the date when each photograph was taken.

e.   State the name, address and telephone number of all persons who have conducted any surveillance on Plaintiff. State in detail all facts found in such surveillance.

16.   Describe any condition, defect or object on the vehicle as the vehicle left El Paso, including any efforts on your part to protect against or remove same.

5



17.   Describe your policies and procedures for qualifying your drivers under the Federal Motor Carrier Safety Regulations.

18.   Please list the name, address, phone number and email address of your safety director at the time of this incident.

19.   State the basis on which Plaintiff was paid (hourly, daily, weekly, monthly) and the rate of scale at which Plaintiff was being paid during the 12 month period immediately preceding the above date.  Include the value of each of the following benefits:  sick leave, vacation time, health insurance, pension benefits, longevity pay and other employment benefits.

20.   What was Plaintiff's job title or classification on the date of the alleged injury?  Describe Plaintiff's job responsibilities.  State whether Plaintiff's work before and after the above date was considered satisfactory by the employer and by supervisory personnel.  If not, state each reason why Plaintiff's work was not considered satisfactory.

21.   Does Defendant contend that Plaintiff's injuries were solely caused or partially caused by injury, disease, or bodily conditions or any combination thereof, occurring either before or after the accidental injury made the basis of this suit?

   (a)   If so, state fully each of the conditions that Defendant contends constitute the sole or partial cause of Plaintiff's incapacity and the extent of its contribution to Plaintiff's present condition.

   (b)   If so, state the approximate date that Defendant contends each such condition first occurred and the cause thereof.

   (c)   If so, state the name, address and phone number of each doctor upon whom you rely for this information and the dates of examination.

22.   What is the name, address and phone number of the main person that investigated this incident for you?  Is this person employed by you at this time?

23.   Where is the tractor and trailer located at presently?

24.   List all persons contacted by Defendant, its agents and attorneys concerning Plaintiff and any expert retained by Plaintiff or Defendant, the date of the interview, the details of information obtained in the interview, compensation paid of the person and whether such person may be called to testify.

25.   State all facts on which you rely to claim negligence of anyone involved in causing this incident.

26.   How many commercial trucks did your company have operating for at the time of this incident?

27.   State the names, addresses and phone number of all persons who you will call to testify and a summary of their testimony.

28.   List all persons contacted by Defendant, its agents and attorneys concerning Plaintiff and any expert retained by Plaintiff or Defendant, the date of the interview, the details of information obtained in the interview, compensation paid of the person and whether such person may be called to testify.



El Paso County - County Court at Law 5

Filed 8/14/2017 9:08 AM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV2237

IN THE COUNTY COURT AT LAW NUMBER FIVE
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| ADRIANA CASADO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2017-DCV2237 |
| | § | |
| FEDEX GROUND PACKAGE SYSTEM, INC. | § | |
| FEDEX CORPORATION, | § | |
| CONTRERAS TRANSPORT INC, | § | |
| BENITO VERA, | § | |
| | § | |
| Defendants. | § | |

## **FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT AND PRIVILEGE LOG**

TO:    FEDEX GROUND PACKAGE SYSTEM, INC., by and through their attorney of record.

Pursuant to the Texas Rule of Civil Procedure 192.3(b), you are hereby requested to produce for inspection, copying or photographing, the following documents or tangible things, including: "papers, books, accounts, drawings, graphs, charts, photographs, electronic or video tape recordings, data, and data compilations that constitute or contain matters relevant to the subject matter of the action. Furthermore pursuant to Texas Rule of Civil Procedure 196 you are required to produce the requested documents or tangible things within your possession, custody and/or control by **10:00 a.m. FIFTY ONE (51) DAYS AFTER SERVICE AT:**

**SCHERR & LEGATE, PLLC.**
109 N. Oregon, 12th Floor
El Paso, Texas  79901
(915) 544-0100

All documents and things produced pursuant to this REQUEST shall be in original and unaltered form except, where designated in the specific REQUEST, photocopies may be substituted.

Further, all documents and tangible things must be produced "as they are kept in the usual course of business" and shall be labeled "to correspond with the categories in the request," as provided in Texas Rule of Civil Procedure 196.3(c).

Further you are hereby required to respond and supplement this Request as mandated by Rule 193.  If you fail to respond accordingly to this REQUEST or fail to supplement your response to this REQUEST, Plaintiffs will seek sanctions pursuant to Rule 215.

Your failure to produce any item requested herein will be subject to a Motion to Strike or Suppress any such item not produced which you attempt to use at trial either as an exhibit or as evidence.

Further, compliance with Rule 196 is expected and requested and in that regard, you shall serve a written response which shall state, with respect to each item or category of items, that inspection or other requested action will be permitted as requested, and that you shall thereafter comply with the Request, except only to the extent that you made objections in writing as to particular items, or categories of items, stating specific reasons why discovery should not be allowed.

Further you are requested to organize the documents requested and label them to correspond with the categories in the request.

Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce and reduce to printed form all information that exists in electronic or magnetic data.

You are hereby put on notice that pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections**, is waived unless the court excuses the waiver for good cause shown.

2

You are hereby put on notice to produce to plaintiff pursuant to Tex. R. Evidence 609 all evidence of any witness listed.

**PRIVILEGE LOG:**   Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiff requests that Defendants identify the information and material withheld.   Demand is hereby made that the identity of the information and material withheld be done **FIFTY ONE (51) DAYS** after date hereof.

Respectfully submitted,

**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100 (Voice)
(915) 532-1759 (Facsimile)
samlegate@scherrlegate.com

*/s/ SAM J. LEGATE*
**SAM J. LEGATE**
State Bar No. 12166600

3

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk

BY _____ Deputy

AUG 1 5 2017

## ITEMS TO BE PRODUCED

1.  Any employment agreement, contract or agreement regarding your relationship with driver Benito Vera.

2.  Any and all contract agreement(s) between CONTRERAS TRANSPORT INC, FEDEX GROUND PACKAGE SYSTEM, INC. and FEDEX CORPORATION which involve Defendant Benito Vera.

3.  All files of CONTRERAS TRANSPORT INC involving Benito Vera.

4.  All files of FEDEX CORPORATION involving Benito Vera.

5.  All files of FEDEX GROUND PACKAGE SYSTEM, INC. involving Benito Vera.

6.  Complete DOT file and investigation, including all statements and photographs concerning the incident in question.

7.  All OSHA Form 200/300 reports for the year 2012-2015.

8.  All investigation reports, accident reports, statements by witnesses (oral or recorded) concerning the accident made the subject of this suit which were made prior to a notice of claim by Plaintiff.

9.  Entire file on the insurance claim for the tractor trailer in question.

10. Driver Qualification file maintained on Benito Vera as required by Federal Motor Carrier Regulations Part 391.51.

11. Complete Personnel file maintained on Benito Vera.

12. Complete Driver Qualification file of Benito Vera.

13. Complete driver duty status file on Benito Vera.

14. Employment application of Benito Vera in compliance with Federal Motor Carrier Regulations Part 391.21.

15. Copies of Benito Vera's driver record(s) obtained in response to inquiries to each State driver record agency required by Federal Motor Carrier Regulations Part 391.23(a)(1) and placed in Benito Vera's driver qualification file.

16. Copies of all documents evidencing this Defendant's investigation into Benito Vera's prior employers.

4

17. Copies of all documents evidencing this Defendant's investigation of Benito Vera's safety performance history with Department of Transportation regulated employers during the preceding three years of when Benito Vera commenced employment with this Defendant in compliance with Federal Motor Carrier Regulations Part 391.2(a)(2).

18. All documents evidencing annual inquiry and reviews of Benito Vera's driving record in compliance with Federal Motor Carrier Regulations Part 391.25.

19. All Driver's Certifications of Records of Violations kept for Benito Vera in compliance with Federal Motor Carrier Regulations Part 391.27.

20. All "Certification of Road Test" documents or substantially similar documents evidence any and all road tests given to Benito Vera prior to being allowed to drive for this Defendant in compliance with Federal Motor Carrier Regulations Part 391.31.

21. Any written tests of Defendant's driver Benito Vera.

22. Copy of Benito Vera's Commercial Driver's License.

23. Copy of Benito Vera's Medical Examiner's Certificate qualifying Benito Vera to operate a commercial motor vehicle during the time of this incident.

24. Copy of all pre and post accident drug tests for Benito Vera.

25. Copy of all pre and post accident alcohol tests for Benito Vera.

26. Copy of all DAC reports received for Benito Vera prior to allowing him to drive your commercial motor vehicle.

27. Work history of Benito Vera from August 1, 2013 to the date of this incident in question, including payroll records, mileage reports, loads and trips.

28. Time records, driving log of Benito Vera for the 8 weeks preceding and including (date of accident).

29. Copy of the driver investigation history file on Benito Vera in compliance with Federal Motor Carrier Regulations Part 391.53.

30. Gas receipt records for the trip in question.

31. Cell phone records and cell phone of Benito Vera from August 1, 2015 up to the date of this incident.

32. Any safety inspection checklist of the equipment in question.

5



33. Any safety meeting minutes showing Benito Vera attended a safety meeting.

34. Any video tapes, movies, pictures, photographs or other tangible evidence depicting the scenes, the incidents or locations made the subject of this suit.

35. All maintenance reports, accident reports, claims, repair or replacement information (including all details, contracts, plans, specifications and other documents) and other recorded written information concerning or involving the vehicle made the subject of this suit.

36. Any and all reports, notes, resumes, pictures, statements or other written materials of any kind from any expert witness who you or your attorney may call or testify in this case.

37. Inspection and photographing of the vehicle operated by your driver made the subject of this suit.

38. All rules, regulations and standards (including federal, state, governmental, contractual and company) relating to the vehicle.

39. All notices, citations, letters, demands, applications, court orders, findings and other tangible items from or to any governmental entity concerning the job, the equipment, DOT notices and safety violations for the vehicle and persons in question.

40. The accident report or investigation report made of the incident in question made prior to notice of Plaintiff's claim against you.

41. Any correspondence, memorandum or reports from any other person concerning the occurrence or injury involving Plaintiff.

42. Any statement, report, correspondence or records made by Defendant, Plaintiff or any other Defendant (other than this Defendant), its employees, agents or representatives of such parties, or any other company involving the claim made the subject of this suit, whether written or oral.

43. All physical models and all other exhibits which may be used at trial by any witness, either expert or lay.

44. Any and all photographs, movies, electronic or video tape recordings or other representations which propose to depict any of the following: the scenes of the occurrence; the location made the basis of this suit; the equipment; the Plaintiffs; or re-creation of the incidents or any part thereof.

45. Copies of your commercial license issued by any state or governmental entity.

6



46.     Any operator manual or handbook for your drivers.

47.     All safety manuals for the job in question.

48.     Bills of lading, trip records, invoices and loan documents and description and any contracts therein for the trip in question.

49.     Dispatcher's records concerning the trip in question and any report of accident.

50.     Any report to the State of Texas, ICC or DOT concerning this incident.

51.     Your Texas Railroad Commission Permit.

52.     A copy of the title to the vehicle being driven by this Defendant at the time in question.

53.     Any and all documents reflecting any disciplinary action for this incident taken against this Defendant by any governmental agency.

54.     Copy of your application for operating authority (Form OP-1 or OP-2).

55.     Copy of your completed Motor Carrier Identification Report, Form MCS-150 filed with the FMCSA's Office of Data Analysis and Information Systems in compliance with Federal Motor Carrier Regulations Part 390.19.

56.     Copy of your completed Safety Certification for Application for U.S. DOT Number, Form MCS-150A filed with the U.S. Department of Transportation Federal Motor Carrier Safety Administration.

57.     Copy of your completed Combined Motor Carrier Identification Report and Hazardous Material Permit Application, Form MCS-150B filed with the U.S. Department of Transportation Federal Motor Carrier Safety Administration.

58.     The Declaration Sheet and policy of insurance insuring Defendant in this case, together with any reservation of rights, declining of coverage and all umbrella policies

59.     All statements made by Plaintiff.

60.     All estimates, work orders, salvage estimates, maintenance records and pictures of the vehicles involved in the collision made the subject of this suit.

61.     Any suspensions, revocations, or notice thereof, and all related documents concerning Benito Vera's license to operate motor vehicles.

62.     A copy of any survey or plat made of the accident scene.

7



63.   Any documents showing the acts or omissions of any party responsible in any way for the injuries to Plaintiff.

64.   Pursuant to Texas Rules of Evidence 609, please provide any information you have which suggests Plaintiff(s), Defendant(s), or any witness identified in this lawsuit, including expert and consulting witnesses, has been convicted of a crime which was a felony or one which involved moral turpitude. Please state the nature of the crime, date of conviction, court/county of conviction, disposition, and if probation was imposed, please state if the probation was successfully completed.

65.   Any and all electronic or magnetic data concerning any of the items requested in any request for production served upon Defendant, in the specific form of printed material pursuant to Texas Rules of Civil Procedure 196.4.

66.   For each notice, claim, complaint and lawsuit where it was alleged that a driver was fatigued, fell asleep or did not see a person or object in front of them, provide the following:

    a.   Copy of all incident reports, accident reports and investigative files;
    b.   Copies of all pleadings, judgments and settlements thereon;
    c.   Copy of all claim letters; and
    d.   Any claim file.

67.   Qualcom records on this truck for date of this incident.

68.   Data Com records on this driver and truck for a period beginning 30 days prior to, up to and including, the date of this incident.

69.   Load records on this truck for a period beginning 30 days prior to, up to and including, the date of this incident.

70.   Black Box and all information contained therein (reduced to print form) for this truck beginning 30 days prior to, up to and including, this incident.

71.   DDEC unit and all information contained therein (reduced to print form) for this truck beginning 30 days prior to, up to and including, this incident.

72.   All information that exists in electronic magnetic data all electronic records (such as Qualcom records, DDEC records, black box records, Data Com and any similar electronic record) on this vehicle for date of this incident. Pursuant to Tex. R. Civ. P. 196.4, you are requested to produce and reduce to printed form.

73.   All information that exists in electronic magnetic data all electronic records on driver Vera and on this vehicle for a period beginning 30 days prior to, up to and including, the date of this incident. Pursuant to Tex. R. Civ. P. 196.4, you are requested to produce and reduce

8

to printed form.

74.    All information that exists in electronic magnetic data all electronic records and information contained therein for this truck beginning 30 days prior to, up to and including, this incident.  Pursuant to Tex. R. Civ. P. 196.4, you are requested to produce and reduce to printed form.

75.    All gas receipts and charges for this vehicle for a period beginning thirty (30) days prior to, and up to and including, the date of this incident.  Pursuant to Tex. R. Civ. P. 196.4, you are requested to produce and reduce to printed form.

76.    Maintenance records on this tractor trailer.

77.    Dispatcher's report and log for this truck and driver for a period beginning 30 days prior to, up to and including, the date of this incident.

78.    Your entire claim file pertaining to any investigation of the occurrences made the basis of this case which were taken prior to your notice of Plaintiff's claim hereon.

79.    Copy of all Workers' Compensation files on BENITO VERA.

80.    Copy of all disciplinary files on BENITO VERA.

81.    Copies of your commercial license issued by any state or governmental entity.

82.    Any operator manual or handbook for your drivers.

83    Bills of lading, trip records, invoices and load documents and description and any contracts therein for the trip in question.



84.     Dispatcher's records concerning the trip in question and any report of accident.

85.     Any report to the State of Texas, and DOT concerning this incident.

86.     A copy of the title to the vehicle being driven by BENITO VERA at the time in question.

87.     Any and all documents reflecting any disciplinary action for this incident taken against this Defendant by any governmental agency.

88.     Copy of the driver investigation history file on BENITO VERA in compliance with Federal Motor Carrier Regulations Part 391.53.

89.     Copy of your application for operating authority (Form OP-1 or OP-2).

90.     Copy of your completed Motor Carrier Identification Report, Form MCS-150 filed with the FMCSA's Office of Data Analysis and Information Systems in compliance with Federal Motor Carrier Regulations Part 390.19.

91.     Copy of your completed Safety Certification for Application for U.S. DOT Number, Form MCS-150A filed with the U.S. Department of Transportation Federal Motor Carrier Safety Administration.

92.     Copy of your completed Combined Motor Carrier Identification Report and Hazardous Material Permit Application, Form MCS-150B filed with the U.S. Department of Transportation Federal Motor Carrier Safety Administration.

93.     The Declaration Sheet and policy of insurance insuring Defendant in this case, together with any reservation of rights, declining of coverage and all umbrella policies.

94.     Your entire claim file pertaining to any investigation of the occurrence made the basis of this case made prior to the notice of suit.

95.     Complete file, including correspondence and communications with any insurance company on the property damage claim.

96.     All statements made by Plaintiff.

97.     Any photographs, drawings, sketches, video recordings, motion pictures, tapes, recordings, graphic depiction or other tangible evidence concerning the scene of the accident, the vehicle involved in the collision or the Plaintiff.

98.     All estimates, work orders, salvage estimates, maintenance records and pictures of the vehicle involved in the collision made the subject of this suit.

99.     All investigation reports, accident reports, statements by witnesses (oral or recorded) concerning the accident made the subject of this suit which were made prior to

anticipation of litigation.

100. Any suspensions, revocations, or notice thereof, and all related documents concerning BENITO VERA's license to operate motor vehicles.

101. Copies of your commercial license issued by any state or governmental entity.

102. Any union contracts concerning the driver of the vehicle in this collision.

103. Any and all reports, mental impressions, opinions, notes, resumes, physical models, compilations of data, statement or other written materials of any kind from any expert witness who will testify in the case or whose work product forms a basis either in whole or in part of the opinion of an expert who is to be called as an expert. If the discoverable factual observations, test, supporting data, calculations, photographs or opinions of any such expert witness who will be called as a witness have not been recorded or reduced to tangible form, those matters are hereby requested to be reduced to tangible form and produced.

104. A copy of any survey or plat made of the accident scene.

105. Qualcom records on this truck for date of this incident and for 30 days prior thereto.

106. Data Com records on this driver and truck for a period beginning 30 days prior to, up to and including, the date of this incident.

107. Load records on this truck for a period beginning 30 days prior to, up to and including, the date of this incident.

108. Black Box and all information contained therein (reduced to print form) for this truck beginning 30 days prior to, up to and including, this incident.

109. DDEC unit and all information contained therein (reduced to print form) for this truck beginning 30 days prior to, up to and including, this incident

110. Dispatcher's report and log for this truck and driver for a period beginning 30 days prior to, up to and including, the date of this incident.

111. Safety performance history obtained from prior employers as required by §391.53 of the FMCSA.

112. MCS 150 forms as required by Motor Carrier Status.

113. All files, correspondences, orders, findings, agreements and records concerning any revocation or suspension as a motor carrier.

114. Annual review of BENITO VERA.

115.   Any information you obtain, regarding Plaintiff, from another source besides the Plaintiff producing it.

116.   Any documents showing the acts or omissions of any party responsible in any way for the injuries to Plaintiff.

117.   Please provide any information you have which suggests Plaintiff(s), Defendant(s), or any witness identified in this lawsuit, including expert and consulting witnesses, has been convicted of a crime which was a felony or one which involved moral turpitude.  Please state the nature of the crime, date of conviction, court/county of conviction, disposition, and if probation was imposed, please state if the probation was successfully completed.

gjW:\Casado, Adriana VB\discovery\defendant\producti\1st RFP FGPS.docx



El Paso County - County Court at Law 5

Filed 8/14/2017 9:08 AM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV2237

IN THE COUNTY COURT AT LAW NUMBER THREE
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| ADRIANA CASADO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2017-DCV2237 |
| | § | |
| FEDEX GROUND PACKAGE SYSTEM, INC. | § | |
| FEDEX CORPORATION, | § | |
| CONTRERAS TRANSPORT INC, | § | |
| BENITO VERA, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S REQUEST FOR DISCLOSURE

**TO:   ALL DEFENDANTS**

Pursuant to Tex. R. Civ. P. 194, you are requested to timely disclose within **FIFTY ONE (51) DAYS** after service of this request the following:

(a)     The correct name of the parties to the lawsuit.

(b)     The name, address, and telephone number of any potential parties and any responsible third party.

(c)     The legal theories and, in general, the factual bases of your claims and/or defenses.

(d)     The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

(e)     For any testifying expert:

    (1)     the expert's name, address and telephone number;

    (2)     the subject matter on which the expert will testify;

    (3)     the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by  or otherwise subject to the control of the responding party, documents reflecting such information;

    (4)     if the expert is retained by, employed by or otherwise subject to the control

of the responding party;

(A)     all documents, tangible things, reports, models or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

(B)     the expert's current resume and bibliography.

(f)     All indemnity and insuring agreements, as defined by Tex. R. Civ. P. 192.3(f)

(g)     Any settlement agreements, as defined by Tex. R. Civ. P. 192.3(g)

(h)     Any witness statements, as defined by Tex. R. Civ. P. 192.3(h).

(i)     All medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.

(j)     All medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

(k)     Copies of documents and other tangible items relating to any claim or defense in this case.  TRCP 194.4.

Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce and reduce to printed form all information that exists in electronic or magnetic data.

You are advised that no objection or assertion of work product is permitted to request under this rule pursuant to Tex. R. Civ. P. 194.5.

You are hereby put on notice that pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections**, is waived unless the court excuses the waiver for good cause shown.



Respectfully submitted,


**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100 (Voice)
(915) 532-1759 (Facsimile)
samlegate@scherrlegate.com


*/s/ SAM J. LEGATE*
**SAM J. LEGATE**
State Bar No. 12166600


gjW:\Casado, Adriana VB\discovery\defendant\disclosure\1st Disc to ALL Defs.docx


A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk

BY _____
                              Deputy

AUG 1 5 2017

El Paso County - County Court at Law 5

Filed 8/14/2017 8:51 AM
Norma Favela Barceleau
District Clerk
El Paso County
2017DCV2237

CAUSE NO. 2017-DCV-2237

| | | |
|---|---|---|
| ADRIANA CASADO, | § | IN THE COUNTY COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | AT LAW NO. 5 |
| | § | |
| FEDEX GROUND PACKAGE SYSTEM, | § | |
| INC., FEDEX CORPORATION, | § | |
| CONTRERAS TRANSPORT INC., | § | |
| BENITO VERA, | § | |
| | § | EL PASO COUNTY, TEXAS |
| Defendants. | § | |

## DEFENDANTS' ORIGINAL ANSWER, JURY DEMAND AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, FedEx Ground Package System, Inc., FedEx Corporation, Contreras Transport Inc. and Benito Vera, Defendants herein, and file this, their Original Answer to Plaintiff's Amended Petition and in support thereof would respectfully show the Court as follows:

### I.
### GENERAL DENIAL

1.      Defendants, expressly reserving their rights pursuant to Texas Rules of Civil Procedure 92, 93, 94, 97, and 98 to file special exceptions, affirmative defenses, counterclaims, cross-claims and third party claims, following appropriate investigation and discovery, deny each and every, all and singular, the allegations contained in *Plaintiff's Amended Petition*, and any amendments and supplements filed thereto, and demand strict proof thereof by a preponderance of the credible evidence as required by the Constitution and Laws of the State of Texas.

## II.
## VERIFIED PLEAS

2.      At the time of the accident forming the basis of this lawsuit, Benito Vera was not an employee of FedEx Ground Package System, Inc., but rather an employee of Contreras Transport, Inc., an independent service provider for FedEx Ground, which was providing services to FedEx Ground pursuant to an operating agreement.

3.      Defendant FedEx Ground Package System, Inc. denies that Benito Vera was acting in the course and scope of his employment with FedEx Ground Package System, Inc. and also denies any allegation that he was an employee of FedEx Ground Package System, Inc. Rather, Benito Vera was at all times employed by, and was acting within the course and scope of said employment with, Contreras Transport, Inc., an independent contractor which provides services to FedEx Ground via an operating agreement. For purposes of this litigation only, FedEx Ground stipulates that Benito Vera was an agent of FedEx Ground.

4.      Defendant FedEx Ground Package System, Inc. denies that it owned the vehicle that Benito Vera was operating at the time of the incident made the basis of this lawsuit.  Rather, the vehicle was owned and/or leased by Mr. Vera's employer, Contreras Transport, Inc., an independent service provider for FedEx Ground Package System, Inc. that was providing services to FedEx Ground pursuant to an operating agreement. For purposes of this litigation only, FedEx Ground stipulates that Benito Vera was an agent of FedEx Ground.

5.      Defendant FedEx Ground Package System, Inc. is the only proper "FedEx" entity in this matter. FedEx Corporation is not a proper party to this matter.



DEFENDANTS' ORIGINAL ANSWER, JURY DEMAND, AND RFD
*Adriana Casado v. FedEx Ground Package Sys., Inc., et al.*

## III.
## AFFIRMATIVE DEFENSES

6.     By way of a separate or affirmative defense, Defendants would show that Defendants are not liable for any condition resulting from the failure, if any, of Plaintiff, to act as a person of ordinary prudence would have acted under the same or similar circumstances in caring for and treating Plaintiff's injuries, if any, that resulted from the occurrence in question.

7.     By way of a separate or affirmative defense, Defendants contend that the Plaintiff's "right" to recover medical expenses is limited by the provisions of Texas Civil Practice and Remedies Code section 41.0105.  The amounts that the Plaintiff was allegedly "billed" for the medical treatment claimed to have been received by Plaintiff for her post-incident medical treatment is in excess of the amounts actually paid or incurred.  Thus recovery of medical or health care expenses incurred by the Plaintiff is limited to the amount actually paid or incurred by or on behalf of the Plaintiff.

8.     Defendants further plead the affirmative defense and/or provisions set forth in Section 18.091 of the Texas Civil Practices & Remedies Code, requiring Plaintiff to prove Plaintiff's loss of earnings and/or loss of earning capacity in the form which represents net loss after reduction for income tax payments or unpaid tax liability on said loss of earnings claim pursuant to federal income tax law.  *See* Tex. Civ. Prac. & Rem. Code § 18.091.  Additionally, Defendants request that the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff, if any, is subject to federal or state income taxes.

9.     Pleading further, alternatively, and by way of affirmative defense, Defendants would state that in the unlikely event that an adverse judgment would be rendered against them, Defendants would respectfully request all available credits and/or offsets as provided by the

Texas Civil Practice and Remedies Code and under Texas law, including for all sums previously paid to Plaintiff.

10.     Defendants further state that if the Plaintiff is suffering from any physical or mental condition or disability at the present time, or after the incident made the basis of this suit, that such condition or disability was solely caused by any accidents, injuries, diseases, or disorders which were preexisting or which arose subsequent to the time of the alleged incident made the basis of this suit, and are wholly unconnected with the incident made the basis of this suit, or that such conditions or disabilities were partially caused by such preexisting or subsequent accidents, injuries or disorders.

### IV.
### Jury Trial

11.     Defendants respectfully demand a jury for the trial of this matter.

### V.
### Request for Disclosure

12.     Pursuant to Texas Rule of Civil Procedure 194, Defendants requests that Plaintiff disclose within 30 days of the service of this request the information or materials described in Rule 194.2.

**WHEREFORE, PREMISES CONSIDERED,** Defendants FedEx Ground Package System, Inc., FedEx Corporation, Contreras Transport Inc. and Benito Vera pray that Plaintiff takes nothing by this suit; that Defendants be discharged; that Defendants be awarded all costs and expenses incurred on their behalf; and for such other and further relief, both at law and in equity, to which Defendants may show themselves justly entitled.



Respectfully submitted,

HARTLINE DACUS BARGER DREYER, LLP

Peter C. Blomquist
State Bar No. 00794921
Pblomquist@hdbdlaw.com
Daniel R. Erwin
State Bar No. 24059724
derwin@hdbdlaw.com
Matthew R. Gelina
State Bar No. 24096050
mgelina@hdbdlaw.com
1980 Post Oak Blvd., Suite 1800
Houston, Texas 77056
Phone:  713-759-1990
Fax:  713-652-2419
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

On the 14th day of August, 2017, I electronically submitted the foregoing document with the clerk of the District Court in El Paso County, Texas, using an Electronic Filing System Provider (EFSP).  I hereby certify that I have served all counsel and/or pro se parties of record electronically and/or by another manner authorized by Texas Rule of Civil Procedure 21a:

Sam J. Legate
SCHERR & LEGATE, PLLC
109 North Oregon, 12th floor
El Paso, Texas 79901
Phone: (915) 544-0100
Fax: (915) 532-1759
samlegate@scherrlegate.com
*Attorneys for Plaintiff*

Peter C. Blomquist

DEFENDANTS' ORIGINAL ANSWER, JURY DEMAND, AND RFD

*Adriana Casado v. FedEx Ground Package Sys., et al.*

5

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk

BY _____ Deputy

AUG 1 5 2017

## **VERIFICATION**

| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned Notary Public, on this day personally appeared Peter C. Blomquist, who being duly sworn upon his oath deposed and said:

> "My name is Peter C. Blomquist. I am over the age of eighteen years, have never been convicted of any criminal offense and am fully competent to enter into this Affidavit. I am the attorney of record for Benito Vera, Contreras Transport Inc., FedEx Ground Package System, Inc., and FedEx Corporation, defendants in the above-referenced lawsuit. I have read and have knowledge of the facts and circumstances set out in this Defendants' Original Answer, Section II, Verified Pleas and state that same are true and correct as to my personal knowledge and belief"

_____
Peter C. Blomquist

SUBSCRIBED AND SWORN TO BEFORE me on this 14th day of August, 2017 to certify which witness my hand and official seal of office.

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

